Lord and Others *v.* Fisher and Others.

*J. N. Evans,* for the appellant.

---

LORD AND OTHERS *v.* FISHER AND OTHERS.

The transfer of a part or all of his property, either directly, or by way of confession of a judgment and levy of an execution, by a debtor in failing circumstances, for the purpose of paying one debt, leaving many others unpaid or unsecured, if done in good faith, unaffected with any secret trust, is valid, although done in contemplation, and but a few days before the execution, of a general assignment by the debtor.

The fact that the creditor had notice of the debtor's intention to make an assignment, would not render fraudulent a conveyance or lien obtained by him simply for the purpose of securing an honest debt.

The voluntary assignment law of 1859 has no retroactive effect.

APPEAL from the *Franklin* Common Pleas.

PERKINS, J.—*Doughty and Snyder* were indebted to *Samuel Fisher* in a sum exceeding one thousand dollars. They were in failing circumstances, and contemplated making an assignment. *Fisher* knew these facts. He called on *Doughty and Snyder,* and an arrangement was made and executed whereby they confessed several judgments before a justice of the peace, amounting, in the aggregate, to their debt to *Fisher,* on which judgments executions were issued, and levied upon the personal property of *Doughty and Snyder.*

" A few days afterward," how many, is not exactly stated,

*Doughty and Fisher* made an assignment of all their property to *James D. Henry,* in trust, to pay their debts.

Subsequently, *Henry* applied to the Common Pleas for leave to pay off the execution of *Fisher,* and thus discharge the property from liens, and the leave was granted.

Thereupon the other creditors of *Doughty and Snyder,* who, in the mean time, had recovered judgments on their demands, filed a complaint for an injunction restraining the trustee from paying off *Fisher's* execution, and praying that he should receive pay upon them only in a *pro rata* distribution, to be made by the trustee among all the creditors.

The complainant did not charge that the arrangement between *Doughty and Snyder* and *Fisher,* whereby the property was subjected to the executions, was entered into with any fraudulent intention on the part of any one, but simply recited the facts above stated.

The Court dismissed the complaint, or demurrer, as not showing a cause of action—a ground for equitable relief. And whether it did show such, is the only question this Court has to decide. If the lien of the executions was a valid one, the complaint was groundless; if it was invalid, the complaint made a case for relief.

Was the lien valid? If not, why not?

Naturally, a man has a right to make an honest disposition of his property; that is to say, he may use it to pay any honest debt. It may not be an honest disposition of property to sell it upon a new, and even adequate consideration, if the sale is to keep the property from creditors. It is an honest disposition of a man's property to use it in paying or securing an honest debt. It is a dishonest use of it to pretend to convey it to pay or secure a debt, when, in fact, it is conveyed to be held upon a secret trust for the benefit of the grantor. It is not, in the eyes of the law, necessarily a dishonest use of a man's property to convey all he has to pay or secure one debt while he leaves

many others unpaid, or unsecured. *Chandler* v. *Caldwell*, 17 Ind. 256. In the case at bar, it is not pretended but that the debt of *Doughty and Snyder* to *Fisher* was an honest one; nor is it pretended but that the judgments were confessed according to law, and the executions levied upon the property for the *bona fide* purpose of appropriating it to pay the executions, rather than to be held for the use of *Doughty and Snyder*. Nor is it denied that the law holds it commendable in a creditor to be diligent in his collections; and it seems that such diligence is all that *Fisher* has been guilty of. Why, then, is he to be deprived of the benefit of the security which his diligence on the one hand, and the free-will of *Doughty and Snyder* on the other, have given him? It is said that *Doughty and Snyder* suffered the lien to be created "a few days" before they made their assignment. But the assignment was voluntary, and they had a right to fix upon their own time to make it, if they concluded to make it at all. And up to the very time they did make it, their property remained at their own disposal; and, *prima facie*, all disposition of it made by them before the assignment, in paying or securing honest debts, are valid. This is so, unless the statute regulating assignments prescribes differently. It does not. It has no retroactive effect. It provides, it is true, in substance, in section 15, that the assignment shall carry property that had been fraudulently conveyed; but this is only giving effect to the provision that the assignment shall embrace all the assignee's property; because the fraud vitiates the title and leaves the property thus conveyed equitably in the assignor—really his property. 1 G. & H., p. 117. And, we may remark, that the reverse fact that *Fisher* knew that *Doughty and Snyder* contemplated making an assignment, did not render a conveyance or lien obtained by him, simply for the purpose of securing an honest debt, fraudulent. See Burr on Ass., p. 449; Ingraham on In-

solvency, *passim.* Our assignment law is not a bankrupt law. The assignment law provides for a voluntary disposition of property, and has no retroactive operation. The English bankrupt law provides for involuntary transfer of property, defines what acts, called acts of bankruptcy, shall subject a debtor to such compulsory transfer of his property, and declares that the transfer shall relate back to the act of bankruptcy occasioning it, and, as a general proposition, divest titles and liens accruing after that act. Such are the provisions of the statute. 2 Black Comm., pp. 477, 486; 4 *Id.* 146.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Wilson Morrow, George Holland,* and *Charles C. Binckley,* for the appellants.

*Nelson Trusler, Thomas B. Adams,* and *Fielding Berry,* for the appellees.