BALL ET AL. *v.* BARNETT, ADM'R.

| 39 | 53 |
| 146 | 552 |
| 39 | 53 |
| 159 | 619 |

JUDGMENT.—*Purchase Before Execution.*—Although a judgment by confession has been obtained against a debtor, yet another creditor who purchases the personal property of the debtor without fraud, and to secure a precedence over the judgment, before an execution has been issued thereon, is entitled to the advantage obtained, although the debtor may have acted in bad faith toward his judgment creditor, the purchaser having no notice thereof.

APPEAL from the Warren Circuit Court.

BUSKIRK, C. J.—This was an action of replevin brought by Louisa Whickear against the appellants, to recover the possession of a part of a stock of groceries, levied upon by the marshal of the city of Attica, to satisfy an execution in his hands issued by the mayor of said city on a judgment in favor of the appellants, and against David H. Jenkins and Newton F. Yount, for the sum of two hundred and thirty-two dollars and sixty-one cents. The action was commenced in the mayor's court of the said city of Attica. The case was tried in said court by a jury and resulted in a verdict for the plaintiff. The case was appealed by the appellants to the Fountain Circuit Court. In that court the venue was changed to the Warren Circuit Court. In the Warren Circuit Court the death of the plaintiff was suggested upon the record, and the appellee, as administrator of said estate, was substituted as plaintiff, and the subsequent proceedings were had in his name.

The cause was tried by a jury and again resulted in a finding for the plaintiff. The appellants moved for a new trial, on the grounds that the verdict was contrary to law and was not supported by the evidence. The motion was overruled, and proper exceptions were taken to such ruling.

The refusal of the court to grant a new trial is assigned for error. We are asked to reverse the case upon the weight of the evidence, which is in the record by a bill of exceptions.

The material facts as disclosed by the evidence are these: David H. Jenkins and Newton F. Yount composed the firm of David H. Jenkins & Co., and were engaged in the

grocery business in the city of Attica. The said firm was indebted to the appellants for groceries sold and delivered in the sum of two hundred and thirty-two dollars and sixty-one cents, and was also indebted to the original plaintiff in the sum of about sixteen hundred dollars for money loaned, which was invested in said business. These debts were evidenced by notes. On the first day of November, 1869, Jenkins & Yount confessed a judgment in favor of the appellants for the amount due on said note, in the mayor's court of said city, with an agreement on the part of the appellants that no execution was to issue unless it became necessary to secure a prior lien on the stock of groceries, and upon the further agreement that appellants should furnish said firm with more goods to enable the partners to continue the business. Some few hours after the rendition of the judgment, Jenkins went to the office of the attorney for appellants and represented to him that the fact that the firm had confessed a judgment in favor of appellants was known in the city, and that they could not continue business; that the said firm was indebted to the original plaintiff in this action, who was the sister of Jenkins, in the sum of fifteen or sixteen hundred dollars, and inquired of said attorney how the matter could be arranged so as to secure the residue of the said stock of goods, after the payment of the judgment of appellants, for his said sister on her claim against said firm; that said attorney advised that the original notes held by Mrs. Whickear should be surrendered up and new notes given for the amount due, in such amounts that judgments might be confessed on them in the mayor's court; that Jenkins consented to the plan proposed, and went to the residence of his sister, obtained the notes, took them to said attorney and left them with him, he agreeing to have the notes ready by next morning, when judgments were to be confessed on the new notes; that on that night Jenkins & Yount made an invoice of their stock of goods, fixtures, etc.; and that while so engaged the said attorney went into the store and inquired of Jenkins what his object was in

making such invoice, when he answered that he was separating their goods from such as they had on commission; that early the next morning Mrs. Whickear consulted an attorney as to whether she could by a purchase of said stock of goods obtain a priority over the judgment of the appellants, stating that her brother, Jenkins, desired that she should have said goods in preference to the appellants; that such attorney having ascertained that no execution had been issued upon said judgment, advised that the purchase might be safely made; that they proceeded to the store of Jenkins & Co., when Mrs. Whickear purchased the stock of groceries at the invoice price, which was six hundred and eighty-one dollars and fifty-eight cents; that a bill of sale was then prepared and signed by the said Jenkins & Yount and delivered to Mrs. Whickear, who then executed a receipt for said sum which was to be entered as a credit on her notes then in the possession of the attorney of appellants, for the purpose above stated; that thereupon the said stock of goods, fixtures, etc., were then placed in the possession of Mrs. Whickear; that in a very short time after such delivery the marshal of said city entered the said store with an execution that had been issued on the judgment in favor of appellants against Jenkins & Co., and by virtue thereof levied upon a part of said stock of goods to satisfy the same; but it is conceded by counsel that said execution was not issued until after the delivery of the goods to Mrs. Whickear; and that thereupon the plaintiff commenced her action of replevin for the goods so levied upon.

A judgment rendered in the supreme, circuit, or common pleas court, is a lien upon real estate and chattels real for ten years from the rendition thereof. Sec. 527 of the code, 2 G. & H. 264. There are exceptions to the general rule above stated. Where a transcript is filed, the lien dates from the time of filing. Sec. 529 of the code. Certain other judgments relate back to the commencement of the action. Sec. 414. In judgments on recognizances, the lien attaches as against the principal from the time the recogni-

zance is taken, and as to sureties from date of judgment. Sec. 531, 2 G. & H. 265. A judgment rendered in the court of a justice of the peace or the mayor of a city is not a lien upon either real or personal property.

When the transcript of a judgment of a justice of the peace is filed in the clerk's office of the common pleas court, it is a lien on the real estate of defendant within the county from the time of filing. Sec. 540, 2 G. & H. 267.

An execution issued on a judgment in the circuit court or court of common pleas is a lien upon the goods and chattels of the defendant within the jurisdiction of the officer, from the time of its delivery to such officer. Sec. 413 of the code, 2 G. & H. 232.

An execution against property, issued to another county, binds the real estate of the defendant from the time of levy. Sec. 532, 2 G. & H. 265.

When an execution is issued by a justice of the peace, it shall be directed to any constable of the county, and such constable shall indorse on such execution the day and hour when it came to his hands; and from that time it shall operate as a lien on the property of the judgment debtor liable to be seized on it, which lien shall be divested in favor of any other writ in the hands of another officer, which shall be first levied on such property. Section 78 of the act defining the civil jurisdiction of justices, 2 G. & H. 601.

The mayor of a city possesses, within the limits of the city, the same civil jurisdiction as a justice of the peace. Section 17 of the act of incorporation of cities, 1867, 3 Ind. Stat. 67.

It is the settled law in this State, that the sale or transfer, by a debtor, of his property to or for the use and benefit of his creditors, is valid if made in good faith and for a valuable consideration; and the fact that the creditor knew that his debtor was in failing circumstances, and intended to make an assignment, will not render fraudulent a conveyance of real estate, or an assignment or sale of personal property, made simply for the purpose of securing an honest debt. A

debtor in failing circumstances has the right to prefer his creditors, and pay one to the exclusion of others, if the transaction is free from bad faith or fraud. *Anderson* v. *Smith*, 5 Blackf. 395; *Hubbs* v. *Bancroft*, 4 Ind. 388; *Stewart* v. *English*, 6 Ind. 176; *Chandler* v. *Caldwell*, 17 Ind. 256; *Lord* v. *Fisher*, 19 Ind. 7; *Wilcoxon* v. *Annesley*, 23 Ind. 285; *Bloom* v. *Noggle*, 4 Ohio St. 45; *Driesbach* v. *Becker*, 34 Penn. St. 152.

A debtor may sell or assign his property, as well after as before suit is brought. *Stewart* v. *English, supra.*

But it is earnestly maintained by the counsel for the appellants, that the sale of the property in dispute was fraudulent, and therefore void. It is not pretended that Jenkins and Yount did not honestly owe Mrs. Whickear some fifteen or sixteen hundred dollars. To maintain a suit to set aside a conveyance or sale of property as fraudulent against creditors, it must be shown that the transfer from the debtor to his vendee was received with an intent to aid him in the commission of a fraud. *Stewart* v. *English, supra; The New Albany, etc., R. R. Co.* v. *Huff,* 19 Ind. 444; *Ruffing* v. *Tilton,* 12 Ind. 259; *Harrison* v. *Jaquess,* 29 Ind. 208; *Bunnel* v. *Witherow,* 29 Ind. 123.

It is very obvious, from the evidence in the record, that Jenkins was guilty of treachery and falsehood toward the attorney of the appellants; but there is no evidence tending to show that Mrs. Whickear had any knowledge of such conduct, or that she had any fraudulent purpose. Her purpose was to secure a part of an honest debt, and this she had the right to do, although it defeated the payment of other creditors, if she was guilty of no fraudulent conduct. She, by her superior diligence, accomplished, by the purchase of the property, what the appellants attempted to do by obtaining a confession of the judgment. Until the decision of the case of *Lord* v. *Fisher, supra,* it was regarded as doubtful whether the confession of a judgment by a debtor in failing circumstances was not fraudulent as to other creditors.

It was a race of diligence between the appellants and Mrs. Whickear. The appellants obtained the advantage in the start, by procuring a confessed judgment, but they lost the advantage thus gained by not taking out an execution. It is a clear case of misplaced confidence on the part of the attorney for appellants. Mrs. Whickear took advantage of the mistake of her adversary, and by a flank movement secured the property.

We are clearly of the opinion that she is entitled to the benefit of her diligence, for the law holds it commendable in a creditor to be diligent in his or her collections.

We think that the verdict was fully sustained by the evidence, and that the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*J. Buchanan,* for appellants.

*J. Poole* and *A. A. Rice,* for appellee.