## LUCE ET AL. *v.* SHOFF ET AL.

FRAUD.—*Presumption.*—*Question for Jury.*—Fraud is never presumed, but must be proved ; and in a suit by creditors to set aside judgments rendered upon notes executed by an insolvent debtor to the judgment creditor, to secure accommodation endorsers, it is a question of fact for the jury to determine whether or not the acts complained of were done with a fraudulent intent.

PROMISSORY NOTE.—*Right of Maker to Antedate*—The maker of a promissory note has the right to antedate it ; and where he does so, and makes it payable one day after date, it becomes due one day after the date it bears, without regard to the time of its execution.

SAME.—*Days of Grace*—Grace is not allowed upon notes which are not negotiable as inland bills of exchange.

SAME.—*Justice of the Peace*—*Jurisdiction.*—A party who holds several notes, which are due, against the same party, may bring a separate suit, on the same day, before a justice of the peace, on each of such notes; and, each of the notes sued upon being within his jurisdiction, the justice may render a separate judgment in each of such suits, though the aggregate amount thereof may be in excess of his jurisdiction.

NEW TRIAL.—A cause for a new trial, alleging error in the trial court, "in the * decision in" a case decided by the Supreme Court, presents no question for decision.

From the Huntington Circuit Court.

*W. C. Kocher, L. P. Milligan, A. Moore* and *B. M. Cobb,* for appellants.

HOWK, J.—In this action, the appellants, partners under the firm name of C. L. Luce & Co., were the plaintiffs, and the appellees were the defendants, in the circuit court. In their complaint, the appellants alleged, in substance, that

on the 24th day of April, 1876, the appellee Harry Shoff, by his note, promised to pay them, by their said firm name of C. L. Luce & Co., the sum of $200, which was due and unpaid; and that, on the same day, the said Shoff, by his certain other note, promised to pay the appellants, by their said firm name, the further sum of $200, which remained unpaid. For a further cause of action, the appellants said that the said Harry Shoff, with his co-appellees, Amos S. Evans, John S. Evans, Ranald T. McDonald and Marion Webb, partners under the firm name of A. S. Evans & Co., conspiring to cheat and defraud his, said Shoff's, other creditors, and especially the appellants, proceeded to have taken before Joseph S. Scott, Esq., an acting justice of the peace of Huntington township, in Huntington county, Indiana, twenty several judgments in favor of the appellees A. S. Evans & Co., on twenty several promissory notes made payable to said A. S. Evans & Co. by said Shoff, and all filed with said justice of the peace on the 11th day of September, 1876; and all of said notes were sued upon, on said day, before said justice; that on the 14th day of September, 1876, the said justice rendered twenty separate judgments on said notes, against the appellee Shoff, in favor of his co-appellees A. S. Evans & Co., amounting to $3,296.02; and that the said A. S. Evans & Co., on the same day, swore out an execution on each of said judgments, which executions were, on the same day, placed in the hands of the appellee Jacob Oats, a constable of said township; that the said Shoff, on the same day, turned out to said constable all of his property subject to execution, to apply on all of said several executions; that said judgments were all taken by default; that said Shoff made no defence thereto, although he had, as the appellants believed, a good and valid defence to about $2,500 of said judgments, in this, to wit: That the said notes were executed on the 8th day of September, 1876, but that the appellees A. S.

Evans & Co. and said Shoff, for the purpose of defrauding the appellants and other creditors of said Shoff, on the 11th day of September, 1876, procured thirteen of said notes from said Shoff, on the same day the same were left with and issued upon by said justice of the peace for judgment, and, for the purpose of a further fraud upon the appellants and other creditors of said Shoff, procured said notes to be dated on the 8th day of September, 1876, three·days before the actual date of said notes; and further, that the justice of the peace had no jurisdiction to render judgments on all of said amounts on the same day; that said notes for said amount were given without any consideration whatever, by said Shoff to said A. S. Evans & Co., with the intent, at the time, on the part of said Shoff and said A. S. Evans & Co., that the latter should obtain judgments on said notes, and procure executions thereon, and proceed to levy on all the property of said Shoff, the said A. S. Evans & Co. well knowing at the time that said Shoff was wholly insolvent, and with the intent to hinder, delay and defraud the appellants out of the collection of their claim; that, as to thirteen of said judgments, amounting to two thousand three hundred and fifty dollars, the said notes, upon which the said judgments were rendered, were all dated on the 8th day of September, 1876, and were each made payable one day after date, to the appellees A. S. Evans & Co.; that neither of said notes matured until the 12th day of September, 1876, and the suits, in which said thirteen judgments were rendered on each of said notes, were commenced on the 11th day of September, 1876, one day before the maturity of either of said notes, and that judgments were rendered on all of said notes by said justice, on the 14th day of September, 1876. Wherefore the appellants averred that all said thirteen judgments were void; that the executions issued on all said thirteen

judgments were void; that the executions issued on all said thirteen judgments were then in the hands of the appellee Oats, as such constable, who was threatening to sell the property of the appellee Shoff, without relief from valuation or appraisement laws, and had advertised and threatened to sell all said property, " in a bulk," under said executions, on the 28th day of September, 1876; that the goods levied on by said constable, under said several executions, consisted chiefly of a large amount of such goods and groceries as were usually kept in a country retail store; that it would be of more advantage to the appellants and the other creditors of said Shoff, if said goods were sold by the yard and piece, and such a sale would realize double the amount for the payment of the claims of the appellants and of other creditors; that if the appellees were allowed to consummate said sale as they threatened to do, an irreparable injury would be done to the appellants, and their claim would be wholly lost; whereas, if said sale was conducted according to law, the appellants would realize a part or all of their claim. Wherefore the appellants asked that said Oats, constable, and said A. S. Evans & Co. might be restrained from proceeding with said sale or disposing of said goods, or any part thereof, until this matter might be inquired into by the court; that the said judgments of the appellees A. S. Evans & Co. might be set aside and declared void as to the creditors of said Shoff; and the appellants demanded judgment for one thousand dollars, and other proper relief.

This complaint was duly verified; and, a proper undertaking having been filed, a temporary restraining order was granted, as prayed for.

The appellees jointly answered the complaint, by a general denial thereof. The issues joined were tried by a jury; and a verdict was returned, for the appellants, as

against the appellee Harry Shoff, in the sum of $431.11, and for the appellees Jacob Oats and A. S. Evans & Co., as to the matters in issue between them and the appellants: A motion for a new trial by the appellants having been overruled, and their exception entered to this ruling, the court rendered judgment on the verdict, for the appellants, against said Shoff, for the amount due from him to them, and for the appellees Oats and A. S. Evans & Co., for their costs, against the said appellants.

The only error assigned by the appellants in this court is the decision of the circuit court in overruling their motion for a new trial. Without setting out the causes assigned for such new trial, we will consider and decide such questions as the appellants' counsel have presented and discussed in their elaborate brief of this cause, and as fairly arise under the alleged error of the court in overruling the motion for a new trial, in the same order in which counsel have presented them. The first question discussed by the appellants' counsel has reference only to the thirteen judgments described in the complaint, which were severally rendered by the justice of the peace on promissory notes, all dated September 8th, 1876, executed by said Harry S. Shoff and payable to said A. S. Evans & Co. Of these thirteen judgments, counsel say interrogatively: "Now, were these judgments obtained for any valuable consideration whatever?" The evidence shows very clearly, we think, that the notes, upon and for which the thirteen judgments were rendered, were given by Shoff to A. S. Evans & Co., not on account of any indebtedness of Shoff to A. S. Evans & Co.; but it appeared that these notes were given for the purpose of securing certain other persons, if possible, who were liable for said Shoff, as his accommodation endorsers. It was an admitted fact, that Shoff was insolvent both at the time the thirteen notes were given, and at the time the thirteen judgments thereon

were rendered; and it appeared that his endorsers had not then paid the debts for which they were liable on his account, nor had A. S. Evans & Co. assumed the payment of such debts or of any part thereof.

Upon these facts, the appellants' counsel insist, as we understand them, that the thirteen notes of Shoff, and the thirteen judgments rendered thereon against him, were absolutely void and ought to have been set aside and declared void by the judgment of the court. This position of counsel cannot be maintained, we think. There was no evidence, adduced upon the trial, which tended to show that the acts of Shoff in the premises were done with the intent to hinder, delay or defraud the appellants, or any of his creditors. Fraud is never presumed, but must be proved, and it was a question of fact for the jury to determine, in this case, whether or not the acts of Shoff and A. S. Evans & Co., in regard to the thirteen notes and judgments complained of by the appellants, were done with a fraudulent intent and for a fraudulent purpose. *Rhodes* v. *Green*, 36 Ind. 7; *Farmer* v. *Calvert*, 44 Ind. 209; *Morgan* v. *Olvey*, 53 Ind. 6; *Leasure* v. *Coburn*, 57 Ind. 274. In this case, the jury determined the question of fraud adversely to the appellants, and we think that the verdict on this point was fairly sustained by sufficient evidence.

It is claimed that the court erred in refusing to give the jury the following instruction, at the appellants' request:

"If the jury find from the evidence, that any of these notes were dated on the 8th day of September, 1876, and were due one day after date, when, in fact, they were executed on the 11th day of September, 1876, and that suit was commenced on said 11th day of September, 1876, then, as to such note or notes, suits were commenced before the maturity of said paper, and said judgments on said note or notes are void."

The evidence shows that the said thirteen notes, on

which the thirteen judgments were rendered by the justice, were all dated on the 8th day of September, 1876 ; that they were all executed, however, on the 11th day of September, 1876 ; that they were all payable one day after date, and that suits were commenced on all of said notes, before said justice of the peace, on said 11th day of September, 1876. Upon these facts, it is claimed by the appellants' counsel, that the notes were not due when the suit was brought, because they were executed on the 11th day of September, 1876, and were payable one day afterward. There is nothing in this point. Shoff had the right to antedate his notes, as he did; and having done so, and being payable one day after date, the notes became due one day after the date they bore, without regard to the date of their execution. But counsel also claim, that Shoff was entitled to three days' grace on the notes, and that for this reason they were not due when the suits were brought thereon. None of the notes were payable to order or bearer in a bank in this State, and therefore they were not negotiable as inland bills of exchange, and three days' grace would not be allowed thereon. 1 R. S. 1876, p. 636, sec. 14 ; *Benson* v. *Adams*, 69 Ind. 353. The instruction above set out, asked for by the appellants, was correctly refused by the court.

The appellants' counsel also insist that each of the twenty judgments rendered by the justice of the peace, against said Shoff and in favor of A. S. Evans & Co., was absolutely void, for the want of jurisdiction in the justice to render such judgments. The record shows that A. S. Evans & Co. commenced twenty separate suits against said Shoff, before the same justice, on the same day ; that in each of said suits a summons was issued and served on the defendant Shoff, and that all of said writs required him to appear and answer, before said justice, on the same day ; and that twenty separate judg-

ments by default were rendered against said Shoff, by said justice, on the same day, in said twenty separate suits. It is not claimed by the appellants' counsel, as we understand their position, that the justice of the peace did not have full and complete jurisdiction of the amount involved, and for which judgment was rendered, in each of the twenty separate suits; but it is claimed, that, because the aggregate sum of the amount involved, and of the judgments rendered, in all of the twenty separate suits, was three thousand three hundred dollars, and largely in excess of the justice's jurisdiction, therefore the justice did not have and could not obtain jurisdiction of any one or more of the said twenty separate suits, and for this reason all of the twenty separate judgments of said justice were absolutely void.

The position of counsel, on this point is a singular one, and does not meet the approval of our judgments. We are of the opinion that A. S. Evans & Co. had the right under the law, if they saw proper to do so, to bring a separate suit, on the same day, before a justice of the peace, on each of the twenty notes held by them against the said Shoff; and each of the twenty notes thus sued upon being within his jurisdiction, the justice had the right, under the law, to render separate judgments in each of the separate suits, on the same day.

The court was not asked by either party to give its instructions to the jury in writing; but the record shows that the court orally instructed the jury. The fourth cause assigned for a new trial, in the appellants' motion therefor, reads as follows:

"4th. That the court erred in the entire decision in the case of ' *Lord and Others* v. *Fisher and Others*,' a copy of which decision is filed herewith and made a part hereof;" and then follows, not a copy of the decision, but a copy of the syllabus prefixed to the opinion of this court, in the case of *Lord* v. *Fisher*, 19 Ind. 7.

We are at a loss to understand just what the appellants intended by the assignment of this cause for a new trial. It may be, that, by a clerical error or omission, this cause for a new trial is presented to this court in language widely different from the language used by the appellants in their original motion; but, if so, it was certainly the appellants' duty to obtain the correction of the record, in this particular, before it was distributed for decision. To this court, the record of the cause " imports absolute verity ; " and, therefore, we are bound to assume that this fourth cause for a new trial was presented to the circuit court precisely as it is presented here. It is certain, we think, that the assignment of this cause for a new trial did not present any question for the decision of the circuit court, for that court might well say that it had not erred in the decision of the case of *Lord* v. *Fisher, supra,* and that, if any error had been committed by any court, in the decision of that cause, it was not the error of the court below. It seems to us that this cause for a new trial presented no question whatever for the decision either of the circuit court or of this court.

We have now considered and passed upon all the causes assigned for a new trial, and the questions thereby presented for our decision; and we are of the opinion that no error was committed by the court below in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.