Cushman *et al. v.* Gephart.

### ON PETITION FOR A REHEARING.

Filed Sept. 20 1884.

---

No. 10,925.

### CUSHMAN ET AL. *v.* GEPHART.

EXECUTION.—*Proceedings Supplementary to.— Complaint.— Return of Execution for want of Property.— Third Party.—Statute Construed.*—The remedy of proceedings supplementary to execution, given by statute, is, in many respects, a substitute for a creditor's bill, and the complaint should show some facts rendering such proceedings necessary. The return of an execution unsatisfied must, under section 815, R. S. 1881, be alleged, and this will be sufficient cause for the proceedings under that section. To sustain such proceedings against third parties, under section 819, the complaint must show either an execution returned *nulla bona,* or, if the execution is not returned, that the execution defendant has not other property subject to execution sufficient to satisfy the judgment.

SAME.—*Execution Defendant.*—Where the execution defendant is charged with having property subject to execution in the county, which he refuses to apply, and his debtor is also made a party, he may contest the sufficiency of the allegations.

SAME.—*Description of Property.*—Where the only attempted description of the property sought to be reached is, that the indebtedness "is large," the complaint, perhaps, is insufficient for this cause.

VOLUNTARY ASSIGNMENT.—*Benefit of Creditors.--Preferences.--Fraud.--Statute Construed.*—Section 2662, R. S. 1881, only provides for a general assignment of all a debtor's property for the benefit of all his creditors, and when that is attempted the statute must be complied with; but assignments by a debtor for the benefit of a part of his creditors, in order to be held void, must be actually fraudulent. This statute does not prevent preferences in good faith of one creditor over another.

From the Wayne Circuit Court.

*C. C. Binkley, D. W. Chambers* and *J. S. Hedges,* for appellants.

*C. H. Burchenal,* for appellee.

FRANKLIN, C.—Appellee commenced proceedings supplementary to execution against appellant Cushman, alleging that Haynes, Spencer & Co. was indebted to said Cushman.

A demurrer was overruled to the complaint, and answers were filed denying the alleged indebtedness, and in addition thereto Haynes, Spencer & Co. filed a petition setting forth certain facts, which petition substantially stated that before the commencement of these proceedings, it (being a corporation) had purchased lumber of said Cushman of the value of $1,293.95, which it had not paid; that before notice of these proceedings was served upon it, notice was given to it that said Cushman had assigned the account for said lumber to one Binkley for the use of Daniel W. Bouslog and Riley Chamness, and asking that said Bouslog and Chamness be required to interplead with said appellee, to determine who is entitled to the proceeds of said lumber. Bouslog appeared and set up an indebtedness to him from appellant Cushman in the sum of $996, for the same lumber which he had previously sold to said Cushman, and the assignment by Cushman to Binkley, for his use, of the account on Haynes, Spencer & Co.; that the assignment of said account, the reception thereof by Binkley for his use, and his acceptance of the arrangement, were all before the commencement of these proceedings. There was no appearance for Chamness.

There was a trial by the court; at the request of Cushman the court made a special finding, and stated its conclusions of law. Appellants moved the court to correct its special finding, which was overruled; they then excepted to the conclusions of law, and, over a motion for a new trial, judgment was rendered for the appellee.

Cushman and Bouslog have appealed, making Haynes,

Spencer & Co. a co-appellant. The following errors have been assigned, jointly and severally:

1st. In overruling Cushman's demurrer to complaint.

2d. Error in conclusions of law.

3d. Overruling motion to correct special findings.

4th. Overruling motion for a new trial.

The substance of the verified complaint is as follows: On the 8th day of October, 1877, the plaintiff recovered a judgment in the circuit court of Delaware county, Indiana, against said Cushman for $937.99, which remained due and unpaid, then amounting to $1,229.51. On the 14th day of December, 1882, an execution was issued thereon to the sheriff of Wayne county, in which county said Cushman then lived, which said execution was wholly unsatisfied, and said Cushman had property at said county which he wrongfully refused to apply to the payment of said judgment, but which can not be reached or levied on by such execution, and that said Haynes, Spencer & Co., a corporation located and doing business in said county, was indebted to the said Cushman in a large amount, to plaintiffs unknown, but which, together with all other property claimed by said Cushman as exempt from execution, exceed the amount of property so exempt by law from execution. Wherefore, etc.

The demurrer to the complaint is for the want of sufficient facts.

The remedy of proceedings supplementary to execution, given by statute, is in many respects a substitute for a creditor's bill; and a complaint, in order to be sufficient, ought to state some facts showing a necessity for resorting to these extraordinary proceedings. *Burt* v. *Hœttinger*, 28 Ind. 214.

The 815th section, R. S. 1881, authorizes such proceedings against the execution defendant when there has been a return of the execution unsatisfied. Under this section it would certainly be necessary to aver such a return of the execution, and such a return would be a sufficient reason for the supplementary proceedings. The 816th section provides for similar

proceedings before the execution is returned and while it is in the hands of the sheriff. The 819th section provides that " after the issuing or return of an execution," such proceedings may be had against third parties who are indebted to the execution defendant, or may have property in their possession belonging to him.

It seems to us that, in order to maintain these proceedings, the complaint ought to show, either that the execution had been returned *nulla bona,* or, if not returned, that the execution defendant did not have within the county other property subject to execution sufficient to satisfy the execution.

In the case of *Dillman* v. *Dillman,* 90 Ind. 585, it was held that in proceedings supplementary to execution, if the affidavit failed to show some necessity for the application, it was insufficient. But it is insisted by appellee that appellant Cushman, the execution defendant, has no such interest in these proceedings as enables him to contest these questions.

This complaint is based upon both the last named sections, and includes the execution defendant and his debtor. This court has frequently held that in such proceedings against the execution defendant's debtor, the execution defendant is a necessary party. But in this case the plaintiff has made him a necessary party by charging him with having property in the county subject to execution, which he refuses to appropriate in the payment of the judgment, and calling upon him to answer as to such property. Under such a complaint appellee is certainly estopped from denying appellant Cushman's interest in the matters in controversy.

It will be observed that the phraseology of the 816th section, in relation to the affidavit required from the plaintiff or other person in his behalf, is, that it shall be to the effect, etc. It does not specify the language to be used, or, perhaps, specify all the facts to be stated in the affidavit; but it does require the plaintiff to give in the affidavit a description of the property sought to be reached. The only pretended descrip-

tion of the property sought to be reached in this case is, that the indebtedness "is large." The plaintiff was certainly as competent to state some amount and the nature of the indebtedness owing to the execution defendant as he was to state that it, with other property owned by him in the county, was more than the law allowed as exempt from execution.

We think this complaint is insufficient, because it does not show any necessity for the proceedings, and, perhaps, for the reason that it does not contain a sufficient description of the property sought to be reached.

It is also insisted that the conclusions of law are erroneous. It is perhaps advisable that this question should be decided here.

The substance of the special findings is as follows: Plaintiff recovered judgment against Cushman for $937.94 in the Delaware Circuit Court October 8th, 1877; that on the 14th day of December, 1882, said judgment was unsatisfied, and the plaintiff caused execution to issue thereon to the sheriff of Wayne county (but it is not stated when it came to the sheriff's hands); that this proceeding was commenced December 16th, 1882, and notice thereof served upon Cushman on that day; that on the 15th day of December, 1882, the defendant Haynes, Spencer & Co. was indebted to said Cushman in the sum of $1,223.63, which was then due; that on said 15th day said Cushman " executed to his attorney, Charles C. Binkley, an instrument, which by its terms assigned to him the said indebtedness of Haynes, Spencer & Co. to said Cushman in trust, to pay to said defendant Bouslog certain alleged indebtedness to him therein described, and also a certain other indebtedness in said instrument described, the whole indebtedness amounting to the sum of $1,396.76;" that said Cushman then had no other property than said debt except $300 worth of personal property, and that he was then a resident householder of the county; that Haynes, Spencer & Co. had immediate notice of the execution of such instrument, and before they had notice of these proceedings; that

it yet owes said debt; that on said 15th day of December, 1882, said Bouslog held the acceptance of Cushman of date of December 13th, 1882, at ten days, for $996.76, and that the same was a just and good-faith debt, and remains unpaid.

Upon these facts the court stated as the first conclusion of law, "that said assignment to said Charles C. Binkley by said Cushman is fraudulent and void as to said plaintiff."

It is to this conclusion of law that objection is made. It is not contended that any actual fraud was intended, but appellee insists that the transaction was a voluntary assignment by Cushman for the benefit of his creditors, and the statute in relation to voluntary assignments not having been complied with, the assignment is fraudulent and void. And appellants insist that the transaction was only a preference of some of Cushman's creditors to others, and that it is not controlled by the statute in relation to voluntary assignments.

The 2662d section, R. S. 1881, provides, "Any debtor or debtors in embarrassed or failing circumstances may make a general assignment of all of his or their property, in trust for the benefit of all his or their *bona fide* creditors; and all assignments hereafter made by such person or persons for such purpose, except as provided for in this act, shall be deemed fraudulent and void."

This statute only provides for a general assignment of all a debtor's property for the benefit of all his creditors. And when that is attempted, the statute must be complied with, or the assignment, without regard to actual fraud, will be held fraudulent and void, but an assignment by a debtor for the benefit of a part of his creditors, in order to be held void, must be actually fraudulent. This statute does not prevent good-faith preferences of one creditor over another. *Lord* v. *Fisher*, 19 Ind. 7; *Wilcoxen* v. *Annesley*, 23 Ind. 285.

In the former case it was said: "Naturally, a man has a right to make an honest disposition of his property; that is to say, he may use it to pay any honest debt. It may not be an honest disposition of property to sell it upon a new, and even

adequate consideration, if the sale is to keep the property from creditors. It is an honest disposition of a man's property to use it in paying or securing an honest debt. It is a dishonest use of it to pretend to convey it to pay or secure a debt, when, in fact, it is conveyed to be held upon a secret trust for the benefit of the grantor. It is not, in the eyes of the law, necessarily a dishonest use of a man's property to convey all he has to pay or secure one debt while he leaves many others unpaid, or unsecured." *Chandler* v. *Caldwell*, 17 Ind. 256.

In the case at bar, there was an absolute disposition and appropriation of the account against Haynes, Spencer & Co. to Binkley for the use of Bouslog and Chamness, Cushman retaining no further interest in it, nor could he take any further control over it.

In the case of *Terry* v. *Deitz*, 49 Ind. 293, it was held that money deposited with the clerk for redemption could not be reached by proceedings supplementary to execution against the depositor, before his right to redeem had been determined.

In the case of *O'Brien* v. *Flanders*, 41 Ind. 486, it was held that a person can not be deprived of the benefit of collaterals or their proceeds, deposited to secure indebtedness to him, except upon a discharge of the indebtedness.

In the case under consideration, the account on Haynes, Spencer & Co., by Cushman, the execution defendant, had been assigned to and deposited with Binkley, unconditionally and in good faith, to be by him collected and paid over to Bouslog and Chamness, and the arrangement fully accepted and acquiesced in by all these parties, before the commencement of these proceedings supplementary to execution. Bouslog had a vested right in the account and could have maintained an action against Binkley for any wrongful appropriation of the proceeds. And we do not think that this transaction can be governed by the aforesaid statute in relation to voluntary assignments, nor that the assignment was fraudulent

and void under the findings of the court. The court erred in said conclusion of law. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to sustain the demurrer to the complaint and for further proceedings.

Filed April 23, 1884. Petition for a rehearing overruled Sept. 20, 1884.