Filed Sept. 16, 1890.

---

No. 14,369.

## HAYS, ADMINISTRATOR, *v.* HOSTETTER ET AL.

VOLUNTARY ASSIGNMENT.—*Preference of Creditor.—Validity of Conveyance. —Statute.*—A conveyance by a debtor of all his property subject to execution for the benefit of certain named creditors to the exclusion of others, with the avowed purpose of giving to the creditors named a preference over those not named, is not within section 2662, R. S. 1881, upon the subject of voluntary assignments, and is valid.

SAME.—*Payment of Surplus to Wife.*—A reservation in such conveyance that the surplus, if any, should be paid the grantor's wife, does not render the conveyance void.

SPECIAL FINDING.—*Refusal of Court to Find Additional Facts.—Appeal.— Presumption.*—Where the trial court refuses a request for a finding of facts in addition to those stated in the special finding, it will be presumed on appeal, in the absence of the evidence, that there was no evidence of the additional facts which the court was requested to find.

From the Noble Circuit Court.

*D. W. Green, F. P. Bothwell* and *H. G. Zimmerman,* for appellant.

*W. B. Hess,* for appellees.

COFFEY, J.—On the 20th day of February, 1885, the ap-

pellees, Henry W. Hostetter and Jane Hostetter, husband and wife, conveyed by quit-claim deed to their co-appellees, Daniel J. Roderick and John H. Barden, the land in controversy in this suit, together with certain other lands in Marshall county, Indiana. As part of the same transaction Roderick and Barden executed the following instrument of writing, viz.:

" Know all men by these presents, that we have this day received of H. W. Hostetter and Jane Hostetter a deed of conveyance of the following described real estate to wit: *  *  and in consideration of which we agree to sell, at the earliest possible period, for the best price possible, to obtain and apply the same on the debts of said H. W. Hostetter, as designated to us by a schedule of names and amounts hereto attached. In the event that the said lands will not sell for a sum sufficient to pay said debts in full, then it shall be applied on all of said debts at an equal per cent. on the dollar of said debts; and if the same can be sold for a sum in excess of said debts then such excess shall be paid to said Jane Hostetter."

The schedule referred to in this instrument of writing consists of the names of twenty-two creditors holding claims against Henry W. Hostetter, aggregating the sum of $8,-559.67.

At the times of the execution of this conveyance, contract and schedule the appellant held certain promissory notes against the said Henry W. Hostetter, upon which he subsequently recovered judgment in the Marshall Circuit Court for the sum of $1,463.71.

The appellant's claim was not included in the schedule above referred to.

This action was brought for the purpose of setting aside the conveyance of the land in Noble county, and subjecting the same to the payment of the debt due to the appellant. The complaint charges, in substance, that at the time of said conveyance the grantor, Henry W. Hostetter, was wholly in-

solvent; that he was indebted to the appellant as adminis-
trator in the sum of $1,463.71, for which sum he afterwards
recovered judgment in the circuit court of Marshall county,
Indiana; that said conveyance was voluntary and without
any consideration; that the purchasers were trustees, ap-
pointed by the grantor, to sell and convey the property in
controversy, and with the proceeds to pay certain of the
grantor's creditors, to the exclusion of others, in full, or *pro
rata*, and to return the surplus, if any, to the grantor's wife ;
and that said conveyance was made for the purpose of delay-
ing and defrauding the appellant as one of the creditors of
the grantor.

Upon issues formed the cause was tried by the court,
which at the request of the parties made a special finding
of the facts proven, and stated its conclusions of law thereon.

In addition to the facts above stated it appears from the
special finding, that at the time of said conveyance Henry
W. Hostetter was wholly insolvent, owing debts to the amount
of $8,559.67 exclusive of appellant's claim, his property, of
every description, being of much less value than that sum,
of which fact the grantees in said deed had full knowledge;
that said conveyance was made for the avowed purpose of
preferring certain of the creditors of Henry W. Hostetter to
the exclusion of others, and was based upon no other con-
sideration than the agreement of Roderick and Barden to
sell said land and apply the proceeds as set out in the con-
tract above set forth.

One of the claims contained in the list and schedule of
creditors is a claim in favor of the grantees in said deed
amounting to $500.

The land in Marshall county was encumbered by mort-
gage liens to the amount of $3,500, the other debts named
in said schedule being unsecured.

At the time of said conveyance Henry W. Hostetter had
no property except said land out of which the appellant

could make his claim, and he has ever since remained wholly insolvent.

Upon these facts the court stated as its conclusion of law that the appellant was not entitled to the relief prayed, and entered a judgment against him for costs.

The first assignment of error calls in question the correctness of the above conclusion of law upon the facts found.

Section 2662, R. S. 1881, provides that "Any debtor or debtors in embarrassed or failing circumstances may make a general assignment of all his or their property, in trust for the benefit of all his or their *bona fide* creditors; and all assignments hereafter made by such person or persons for such purpose, except as provided for in this act, shall be deemed fraudulent and void."

It is contended by the appellant that the deed of conveyance executed by Hostetter and wife to Roderick and Barden, when taken in connection with the instrument of writing above set out, constitutes an assignment under this statute, and as it is not a compliance with the statute the conveyance is void.

We are unable to agree with appellant in the position he assumes. There is no direct finding that the deed conveyed all the property of Hostetter to Roderick and Barden. It is true the inference is plain that it conveyed all his property subject to execution, but the conveyance was not for the benefit of all his creditors.

In the case of *Cushman* v. *Gephart*, 97 Ind. 46, it was said by this court that "This statute only provides for a general assignment of all a debtor's property for the benefit of all his creditors. And when that is attempted, the statute must be complied with, or the assignment, without regard to actual fraud, will be held fraudulent and void, but an assignment by a debtor for the benefit of a part of his creditors, in order to be held void, must be actually fraudulent. This statute does not prevent good-faith preferences of one creditor over another."

To the same effect is the case of *Grubbs* v. *Morris*, 103 Ind. 166. These cases are, in some respects, in conflict with the case of *Thompson* v. *Parker*, 83 Ind. 96, and in so far as the conflict exists the latter case cited must be regarded as modified by the former.

The case before us, as settled by these authorities, is not one falling within the statute upon the subject of voluntary assignments, but is a case where the debtor conveys to trustees two specific tracts of land for the benefit of certain named creditors to the exclusion of others, with the avowed purpose of giving to the creditors named a preference over those not named. The question then arises as to whether such a transaction is valid.

It has too long been settled in this State to be controverted now, that a debtor, in failing circumstances, may prefer one creditor to the exclusion of all others. *Lord* v. *Fisher*, 19 Ind. 7; *Wilcoxon* v. *Annesley*, 23 Ind. 285; *Cushman* v. *Gephart, supra*; *Grubbs* v. *Morris, supra.*

In the case of *Lord* v. *Fisher, supra*, it was said: "Naturally, a man has a right to make an honest disposition of his property, that is to say, he may use it to pay an honest debt. * * It is an honest disposition of a man's property to use it in paying or securing an honest debt. * * It is not, in the eyes of the law, necessarily a dishonest use of a man's property to convey all he has to pay or secure one debt while he leaves many others unpaid, or unsecured."

It does not follow, therefore, that because Hostetter conveyed all his property subject to execution to secure the payment of certain of his creditors to the exclusion of others,' the deed by which the conveyance was effected is void.

The deed executed by Hostetter and wife to Roderick and Barden was a valid transfer of the property therein described, unless the reservation in favor of the wife rendered it void.

It seems to be settled that such a reservation does not vitiate the conveyance. *McFarland* v. *Birdsall*, 14 Ind.

126; *New Albany, etc., R. R. Co.* v. *Huff,* 19 Ind. 444; *Dessar* v. *Field,* 99 Ind. 548.

In our opinion the court did not err in its conclusion of law upon the facts as stated in the special finding.

The appellant at the proper time prayed the court to find certain facts in addition to those stated in the special finding, which prayer was denied, and an exception reserved.

It is the province of a special finding to state the facts · proven on the trial. The evidence in this cause is not in the record, and we are unable, for that reason, to determine whether there was any evidence before the court tending to prove those additional facts or not. In support of the legal presumption that every thing is rightly done in court, we must presume that there was no evidence of the additional facts which the court was requested to find.

There is no error in the record.

Judgment affirmed.

Filed Sept. 16, 1890.