# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1893, IN THE SEVENTY-
EIGHTH YEAR OF THE STATE.

———————◆———————

No. 16,840.

BUNCH ET AL. *v.* HART ET AL.

SPECIAL FINDING.—*Omission of Material Fact.—Remedy.—Practice.*—
Where a special finding omits material facts, the remedy is by a
motion for a new trial and not by a motion to modify.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—A husband who has
paid out money for the betterment of his wife's real estate, and
who, for the purpose of defrauding her creditors, joins her in making
conveyances whereby the title is placed in himself and wife by en-
tireties, can assert no claim thereon as against the creditors sought
to be defrauded.

Appeal from the Henry Circuit Court.

*T. B. Redding, C. N. Mikels* and *M. E. Forkner,* for
appellants.

*J. Brown, W. A. Brown* and *J. M. Morris,* for appel-
lees.

DAILEY, J.—This was an action by appellees, Edgar
L. Hart, Frank W. Hart and Abraham Van Tuyl, against
Sarah J. Bunch, George W. Bunch, Alice C. Williams,
and Loring A. Williams, to set aside a conveyance of
certain real estate described in the complaint, made by

appellees Bunch and Bunch, who were husband and
wife, to said Alice C. Williams, and by her transferred,
by warranty deed, to said Sarah J. and George W.
Bunch, as tenants by entireties, on the alleged ground
that the conveyances were fraudulent as against said
Sarah J. Bunch's creditors.

A demurrer was filed separately by each of the defend-
ants to this complaint, and overruled by the court.

The defendants Williams and Williams answered dis-
claiming any interest in the matter in controversy.
Bunch and wife answered by general denial.

The case was submitted to the court for trial with a
request by both parties to state its finding of facts and
its conclusion of law upon the facts as found. The court
made a special finding of facts. The appellants then
filed a motion to modify the special finding, asking that
the court specially find certain facts therein named, but
the court overruled the motion and refused to make any
further finding or modify the finding in said cause, to
which the appellants excepted, and thereupon the court
stated its conclusion of law upon the special finding, and
rendered judgment thereon. At the proper time, appel-
lants filed a motion for a new trial, which the court over-
ruled. The rulings of the court, as above set forth, are
assigned for error.

The facts in the case, as shown by the evidence, are
substantially these: The father of Sarah J. Bunch
traded a farm to one Leander P. Mitchell for the real es-
tate in controversy and other property, and caused the
deed therefor to be executed to her. She was then en-
gaged in the millinery business, and continued therein
until after the transfer complained of. During the time
she held this property, it was improved at an expense of
about $1,500, of which George W. Bunch paid $500,
and she furnished $1,000, and the husband contends

that he expended for her further sums of money. While Sarah J. Bunch held the title to the premises in controversy, the debts due the appellees, which they seek to recover, were contracted.

By reason of the fact that the evidence shows the payment by George W. Bunch of $500 in the improvement of the property, besides his own work on the same, appellants contend that such fact should have been noticed in the special finding, and placed therein, and being omitted therefrom, it was reversible error for the court to refuse to modify its special finding so as to include these facts.

The grounds urged for a new trial rest upon the proposition to modify the special finding so as to embrace these facts; also, that there is no evidence to sustain the finding that George W. Bunch reconstructed and repaired the house on lot 8, at an expense of $1,000, out of their joint earnings, therefore the special finding is not sustained by sufficient evidence.

In our opinion, the motion to modify the findings was correctly overruled, because there is no authority for such practice.

In Elliott's App. Proced., section 757, and numerous cases there cited, the rule is stated as follows: "If the finding of facts is defective or imperfect it is to be challenged in substantially the same manner as a special verdict. If the finding of facts is silent as to a material point, as to that point it is to be deemed to be adverse to the party upon whom the burden of proof rests. * * If facts are not found which were established by the evidence the proper remedy is a motion for a new trial. * * The finding of facts can not be successfully attacked by a motion to strike out where the ground is that the finding is contrary to the evidence. The evidentiary facts are not to be stated, but the inferential or ultimate facts must be

properly stated. The presumption, in the absence of a countervailing showing, is that all the material facts proved are stated in the special finding. Facts, not mere conclusions, should be stated. The finding must state the facts with reasonable certainty.''

''Until the contrary appears from the evidence, it must be assumed that all the facts established by the evidence are contained in the finding. It is, therefore, incumbent upon a party who assails the judgment upon the ground that it does not state the facts proved, to make his assertion good by the evidence.'' *Hays, Admr.*, v. *Hostetter*, 125 Ind. 60 (65).

In section 758, the rule is declared that ''a *venire facias de novo* is grantable when the verdict, whether general or special, is imperfect by reason of some uncertainty, or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages,'' and, in section 759, the author says: ''It seems necessarily to result from this established rule that a failure to find upon all the issues is not a ground upon which a *venire de novo* can be successfully claimed.'' ''The remedy where the facts established by the evidence are not found is by a motion for a new trial, * * * a motion for a *venire de novo* is often the appropriate mode of questioning the sufficiency of a special verdict.''

The material facts in this case, under the issues formed, are: 1st. Did Sarah J. Bunch own the property described in the complaint? 2d. Did she make, through a trustee, a conveyance of the property to herself and her husband, to be held by them as an entirety? 3d. Did she become indebted, at the time she owned the property, to the plaintiffs and other creditors? 4th. Did she make the transfer to hinder, delay or defraud her creditors, including the plaintiffs? 5th. Did the grantees have knowledge of such intent? 6th. Did she, at the

time of said conveyance, or at any time subsequent thereto, up to the time of bringing this action, have sufficient other property with which to pay the plaintiffs their claims?

The above facts should all be found in the special finding in a case of this character, and when the unmixed and ultimate facts are so found the special finding has then performed its office, and the request has been complied with. A special finding should not be encumbered with a long dissertation or comments on the evidence, nor descend into the particulars of the evidence, and report evidential facts, or scraps or fragments of evidence. If the court fails to find the material facts involved in the issue, it has failed to make a special finding, and the remedy, as suggested, is by a motion for a new trial. In our opinion it makes little difference whether the joint earnings of the husband contributed to the betterment of the property as found by the court, or whether each furnished means singly for the purpose while she was its legal owner. The result would be the same in this case in either instance. It is true, as contended by appellants' counsel, there is no law to prevent a wife securing her husband what she owes him, if done in good faith. But the *bona fides* of the transaction was a question for the court under the evidence, and if there was testimony tending to establish, or from which the court could have fairly drawn the inference of fraud, this court will not disturb the special finding. The evidence shows that the real estate in litigation is reasonably worth $2,500 or $3,000. The husband claims he has paid, either directly to his wife or on outstanding debts, during the time she was carrying on the millinery business, from 1881 to 1889, about $6,372. The money she received, and the goods she bought, evidenced by her outstanding debts, saying nothing of the profits, as we judge from the record,

would place from $6,000 to probably $8,000 more in her hands during this period, not taking into consideration money paid by her on accounts. The query is, what became of all this money?

In appellants' *supersedeas* brief, which is referred to by appellants as a part of her brief in this cause, there is contained an affidavit in which she and her husband both swear that they are without property, and unable to give a greater *supersedeas* bond than $200. A part of her father's farm, in Wayne county, came to her about the time she went into business, but it does not appear what became of it. On the trial she was asked as to the condition of her property, and she exhibited a list making her then worth $6,400, but upon cross-examination the entire list vanished, and her whole estate disappeared. It seems the husband had long known that an estate by entireties placed the property beyond the reach of the creditors of both the grantees, and he so testified on the trial.

For the last twelve or fifteen years George W. Bunch has been doing business in his wife's name, and has not been worth a dollar except as he has traded around, using property held as a jointure by himself and wife. There are other circumstances connected with this case from which the court might have inferred that the transactions assailed were honeycombed with fraud, such as the assignment of mortgages by the father-in-law to George W. Bunch and the release thereof, whenever their continued existence would obstruct or in any manner interfere with his business, but neither ever incumbered the records with any assignment or release. As heretofore shown, the court found that the joint earnings of the husband and wife contributed to the improvement of the wife's property, but it does not necessarily follow from this fact that the conveyance was not fraudulent.

This alone creates no claim against either the wife or her property.

In *Lane* v. *Taylor*, 40 Ind. 495, it is said: "Washburn, in his work on real estate, states the law thus: 'If the husband expend money upon the lands of his wife in his occupation, by erecting buildings or making improvements thereon, the law will presume he intended it for her benefit, and he can not recover for the same.' 1 Washb. Real Prop., 281, section 20." And on page 501 is this language: "A husband had no valid or legal claim for the improvement made while his wife owned or occupied the premises."

If, as found by the court below, the conveyance was made by Sarah J. and George W. Bunch to themselves, to be held by entireties, for the purpose of cheating, hindering and delaying the creditors of Mrs. Bunch in the collection of their debts, it is unimportant whether the husband had paid money for, and held claims against, the wife amounting to a consideration for the conveyance from her to themselves jointly.

In *Bishop* v. *Redmond*, 83 Ind. 157, the rule is stated that "where a grantee takes a conveyance for the purpose of aiding the grantor in defrauding his creditors, the fact that he pays a valuable consideration does not divest the conveyance of its fraudulent character."

In *Harrison* v. *Jaquess*, 29 Ind. 208, it is said: "Where the person receiving a fraudulent transfer participates in the fraud, it can make no difference whether any consideration was paid for the transfer."

In all such transactions it is a well settled rule of the courts that "the fraudulent vendee of a failing debtor is not entitled to receive, out of the property, money paid by him in such transaction, even where it has gone to *bona fide* creditors, as the law will leave the parties who have been convicted of the fraud where it finds them."

*Seivers* v. *Dickover*, 101 Ind. 495. We think there is no error in the record. Judgment affirmed.

Filed May 10, 1894.