## Frank H. Newman et al., Executors, Appellants, v. Charles B. Newman, Appellee.

1. BILLS AND NOTES—*when date of note expressed governs.* If the date and the time of delivery of a note differ, the construction in general follows the expressed date.

2. BILLS AND NOTES—*when terms of postdated note as to time of maturity control.* Unless there is fraud in postdating a note, its express terms as to when it matures must control.

3. INSTRUCTIONS, § 118*—*when instruction is erroneous as not in conformity with evidence.* An instruction *held* erroneous in not including documentary evidence in the case as evidence to be considered with the other enumerated evidence.

4. INSTRUCTIONS, § 87*—*when instruction on degree of proof is erroneous.* An instruction is erroneous which requires the jury to be "convinced" by the evidence that the defense has been proved.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

L. T. GRAHAM and ANDERSON & MATTHEWS, for appellants.

WILLIAMS & WILLIAMS and WILLIAM & BARRY MUMFORD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

A judgment by confession against Charles B. Newman in favor of Frank H. Newman, F. Eva Conklin and Fred A. Stone, executors of the last will of Benjamin Newman, deceased, was entered in vacation in the office of the clerk of the Circuit Court of Pike county on May 31, 1916, for $4,081.88 on a promissory note for $2,500, with interest from date at 5 per cent. per annum with 10 per cent. attorney's fees. The note

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is dated "October 5th, 1906" and was executed by C. B. Newman and is payable to the order of Benjamin Newman one day after date.

At the June term of the Circuit Court on the motion of C. B. Newman, the judgment was opened, and he was given leave to plead to the declaration. The defendant filed a plea of the statute of limitations, "that the supposed cause of action and promissory note in the said declaration mentioned did not accrue to the plaintiffs or to Benjamin Newman in his lifetime at any time within ten years before the commencement of this suit," etc., and two pleas of release. The pleas of release were withdrawn. The record does not show that any replication was filed. The case was tried before a jury on the plea of the statute of limitations the same as if issue had been joined on it. The jury returned a verdict in favor of the defendant on which judgment was rendered. The plaintiffs appeal.

The defense is that the note was not executed on October 5, 1906, the day it bears date, but was executed on March 21, 1903. The affidavit filed by appellee to have the judgment opened states that the note was executed and delivered March 21, 1903, and not on October 6, 1906, "that said note was due one day after date and no credit or payment was ever made thereon * * * and that the same was effectually barred by limitations on the day and at the time said pretended judgment was taken." This affidavit was filed several days before the plea was filed. The appellee neither verified his plea nor filed any affidavit denying the execution of the instrument sued on.

The original note sued on has been certified to this court for its inspection. The writing on the note, except the signature, was done by the same person and would all appear to have been done at the same time with the same pen and ink, and there has been no erasure or change in the date of the note.

There is no plea or intimation in the case that there

was any fraud in procuring the execution of the note. The evidence for appellee shows that in March, 1903, he had a settlement with Benjamin Newman, the payee, his father, and that he at that time executed the note sued on. Appellee testified that his sister wrote the note and that he read it over before he signed it, but that he did not look at the date of the note. He refused to testify whether the date October 6, 1906, was or was not written on the note when he signed it. He did not testify that anything was said concerning the date of the note or that there was any agreement as to when the note was to be dated. The evidence of the sister of appellee, who wrote the note, is that the settlement was October 6, 1906, that she made the calculation for the parties, that there was due the deceased from appellee at that time $2,531.38, and that the note was made and dated October 6, 1906, and that appellee, on the suggestion of his father, agreed to pay $31.38 cash and make the note for $2,500, and the odd dollars and cents were erased. She also produced a large envelope mailed in Chicago, September 5, 1906, on the back of which are the figures of the settlement corresponding with her evidence. There is also evidence in the record tending to show that the deceased said he was going to give appellee the note, or had given it to him, and one witness testified that he saw the note April 1, 1904, in the possession of appellee, but the note was found after the death of the payee in his box among his other securities. We are of the opinion on a review of all the evidence that the preponderance of the evidence is so manifestly in favor of the contention of appellants that, even if the date of the execution of the note should fix the date of its maturity, the court should have granted a new trial.

Section 29 of the Negotiable Instruments Act (J. & A. ¶ 7650) provides: "When the instrument or an acceptance or any indorsement thereon is dated, such date is deemed prima facie to be the true date of the

making  *  *  *.'' Section 30 of the same Act (J. &
A. ¶ 7651)' also expressly provides: ''The instrument
is not invalid for the reason only that it is antedated
or postdated, provided this is not done for an illegal
or fraudulent purpose,'' and that ''the person to whom
an instrument so dated is delivered acquires the title
thereto as of the date of delivery.'' If the date and,
the time of delivery differ, the construction in general
follows the expressed date. 7 Cyc. 544; *Bumpass v.
Timms*, 3 Sneed (Tenn.) 459; *Luce v. Shoff*, 70 Ind.
152; *Powell v. Waters*, 8 Cow. (N. Y.) 669. Maturity
is reckoned from the expressed date. 8 C. J. 209.

The trial court in the fourth instruction for appellee
told the jury that the actual date of making and deliv-
ering the note must be taken as the date of the note,
if the evidence shows the actual date of making and
delivering the note. The rule, as we understand it, is
that unless there was fraud in postdating the note, its
express terms as to when it matured must control, and
the note sued on would not by its terms mature until
October 7, 1906, so that the statute of limitations is not
a defense to the note sued on, unless there was either
fraud in postdating the note, of which there is no evi-
dence, or the note was not dated at the time it was
executed and the date October 6, 1906, was afterwards
inserted, or the date has been changed.

The seventh instruction also is technically erroneous
in not including the documentary evidence in the case
as evidence to be considered with the other enumerated
evidence.

It should be noted that most of the instructions given
at the request of appellants are erroneous in requiring
the jury to be convinced by the evidence that the de-
fense has been proved.

For the reason pointed out, the judgment is reversed
and the cause remanded.

*Reversed and remanded.*