BRYAN *et al.*, Defendants in Error, v. BRISBIN, INTERPLEADER, Plaintiff in Error.

1. An assignment for the benefit of creditors executed in Minnesota and valid there, which makes preferences in favor of certain designated creditors, will not be enforced by the courts of this state in opposition to the claims of a creditor, resident here, who has attached the property previous to notice of the assignment.
2. An assignment for the benefit of creditors will not be entirely invalidated by the fact that it contains a provision making preferences as among creditors; the title will pass to the trustee, but, by virtue of section 39 of the act concerning voluntary assignments (R. C. 1845, p. 210), the provision making preferences will be entirely disregarded.

*Error to St. Louis Court of Common Pleas.*

Plaintiffs, who reside in St. Louis, Missouri, sued Chamblin by attachment, and garnished several insurance companies in St. Louis, debtors to Chamblin. Prior to the commencement of the attachment suit, Chamblin made an assignment, dated February 4, 1857, valid by the laws of Minnesota, to John B. Brisbin, by which among other things he assigned to Brisbin the debts due him from said insurance companies. Said assignment makes preferences in favor of certain creditors. Up to the time of said attachment said companies had no notice of the said assignment. Chamblin and Brisbin reside at St. Paul, Minnesota. Brisbin interpleaded and claimed the fund attached. The cause was submitted to the court upon an agreed statement of facts. The court rendered judgment against the interpleader. He brings the cause to this court by writ of error.

*Krum & Harding*, for plaintiff in error.

I. The assignment, being valid by the laws of Minnesota, will be held valid here. (Burrill on Assignments, 326.) It is also valid under our laws, although the provision against preferences, made by our statute, might require the assignee to make a different disposition of the assets from that directed by the assignment. The assignment carried to the assignee

the debts due to the assignor by the garnishees in this case; and the plaintiffs, being subsequent attaching creditors, can not hold the same against the rights of the interpleader. (See Burrill on Assignments, 340 *et seq.*; 4 Zabr. 162; Sto. Confl. of Laws, § 396.)

*Shepley*, for defendants in error.

I. The assignment is contrary to the policy of our laws. It makes preferences as between creditors. There is no controlling obligation upon our courts to postpone the claims of their own citizens to those of foreign creditors, especially when those of foreign creditors arise only under an instrument containing provisions contrary to the policy of our own laws. It is admitted on all hands to be a pure question of comity. (See Sto. on Confl. of L.; Burrill on Ass. 337.) As it is a pure question of comity, there is no propriety in allowing foreign creditors to obtain funds within our jurisdiction under an instrument contrary to the policy of our laws, and which if made here could not have that operation to the prejudice of our own citizens. We have decided this question already, by holding, as we repeatedly have done, that, where there is property of a decedent in this state, but whose domicil is in another state, his property here must be held to be administered on here and to respond to the claims of our own citizens. What is comity after all? It does not in its literal signification, and it ought not in effect, go further than to put the citizens of other states on on an equal footing with our own. The effect of allowing the interpleader to recover here would be to make a discrimination against our own citizens. (See Brown v. Knox, 6 Mo. 306; Mayberry v. Pollard, 1 Harr. 349; Fox v. Adams, 5 Greenl. 345; 15 Pick. 11, 18; 1 Gray, 243; 10 N. H. 265; 5 N. H. 9; 1 Greenl. 326; 13 Mass. 146; 4 Zabr. 162.) The assignment being purely voluntary and no notice of it having been given to the garnishees before they were summoned in this suit, they will be held. (Fox v. Adams, 5 Greenl. 345.)

NAPTON, Judge, delivered the opinion of the court.

The assignment in Minnesota, referred to in the agreed case, classified the creditors of the assignor, and directed the debts specified in the first class to be entirely paid in preference to any debt named in the second. Under such an assignment here the title would pass, but the provision for preferences would be totally disregarded. As the management of the funds under the assignment in Minnesota is entirely beyond the reach of our courts, it is plain that it must be regarded as practically in conflict with our laws. We are then asked to enforce an assignment, which could not be made and enforced if made in this state as it must and will be by the laws of Minnesota, in opposition to the claims of a creditor, resident here, who has attached the property previous to any notice of such assignment.

It is not understood that comity requires a court to enforce a contract valid according to the laws of the place where the contract is made, if such enforcement would be attended with manifest injustice to the claims of citizens of the country where the property is located and where the claim is asserted. Justice must not be sacrificed to courtesy. (Sto. Confl. of Laws, § 388 and cases cited.) It is very obvious that if we hold the assignment to prevail over the attachment, we make a discrimination *against* our own citizens. We do not merely put the citizens of Minnesota on a footing with our own in relation to property located here, but allow them to transfer the title by means which would be entirely ineffectual to accomplish such purpose here. There is no principle of comity which requires us to go so far as this. (Brown v. Knox & Bogy, 6 Mo. 306.)

The judgment of the common pleas is affirmed ; the other judges concurring.