Grubbs *et al. v.* Morris *et al.*

No. 12,030.

## GRUBBS ET AL. *v.* MORRIS ET AL.

ASSIGNMENT FOR THE BENEFIT OF CREDITORS.—*General and Partial.—Preference of Creditors.*—Under the statute of this State, where a debtor in failing circumstances makes a general assignment of all of his property in trust for the benefit of all of his creditors, he can not prefer any creditor, but must place all of them upon an equality. *Aliter,* where there is only a partial assignment.

SAME.—*General Rule as to Preference.*—The general doctrine that a debtor may prefer a creditor does not apply where the assignment is made in the cases contemplated by the statute.

PLEADING.—*Exhibit.—Practice.*—Where an instrument is set forth in a complaint, or made an exhibit thereto, it is sufficient to refer to it in the answer without again making it an exhibit.

PRACTICE.—*Objections to Admission of Evidence.—Bill of Exceptions.*—Objections to the admission of evidence must be specific, and the grounds upon which they are based set forth in the bill of exceptions.

From the Henry Circuit Court.

*J. M. Morris,* for appellants.

*J. Brown, W. A. Brown, J. H. Mellett* and *E. H. Bundy,* for appellees.

ELLIOTT, J.—The theory of the complaint of the appellants is that Francis M. Crull assigned to George B. Morris notes and accounts in trust, and that the purpose of the trust was to enable Morris to collect the notes and accounts and use the proceeds in paying the indebtedness of the assignor to the appellants and to Robertson and Perry. To the complaint the appellees addressed an answer containing, in substance, these allegations: That Francis M. Crull, being in failing circumstances, and not having sufficient property to pay his debts, made an assignment to George B. Morris of all his property and choses in action for the benefit of all of his creditors; that the assignment was in writing and under seal; that it provided that John W. Grubbs and Robertson and Perry should be preferred creditors, and that the claim of the appellants is founded solely on this assignment.

The important question presented by this answer is whether the assignment to Morris is valid ? The contention of the appellants is, that a debtor may prefer such creditors as he chooses. The position of the appellees is, that the statute prohibits the preference of creditors in a general deed of assignment.

The provision of the statute is this : "Any debtor or debtors in embarrassed or failing circumstances may make a general assignment of all his or their property, in trust for the benefit of all his or their *bona fide* creditors ; and all assignments hereafter made by such person or persons for such purpose, except as provided for in this act, shall be deemed fraudulent and void." Sec. 2662, R. S. 1881. There are also provisions as to the form and method in which the deed shall be executed, as to the duties of the trustee named in the deed, as to the power and duty of the court, and as to the distribution of the proceeds of the property conveyed to the trustee, but there is no provision that in express words prohibits the preference of creditors. The provision quoted, when taken in connection with the other provisions of the statute, and considered in connection with the general spirit and purpose of the law, does authorize the conclusion, that where a debtor, in failing circumstances, makes an assignment of all of his property for the benefit of all of his creditors, he can not prefer one or more creditors, but must place all of them upon an equality. The general doctrine that a debtor may prefer a creditor has been too long established in this State to be now departed from. *Lord* v. *Fisher*, 19 Ind. 7 ; *Wilcoxon* v. *Annesley*, 23 Ind. 285. But this general doctrine does not apply where the assignment is made in the cases contemplated by the statute, and for which it makes provision. The statute is evidently intended to secure an equal distribution of the debtor's property among all of his creditors, and it does secure to them and to the debtor important rights. It places the trustee, or assignee, under the control and supervision of the courts, and the property is, in a qualified sense at least,

in the custody of the law.. It is so far in the custody of the law that the trustee can, under the supervision of the court, control and dispose of it without being embarrassed or annoyed by levies of executions or attachments. The statute prevents the sacrifice of the property upon execution sales, and secures equal rights to all creditors, and thus secures a benefit to the debtor as well as to the creditors. Where the property is conveyed by an assignment not made under the statute, it may be made subject to the claims of creditors when of greater value than the debt it was conveyed to secure, that is, the surplus over the amount required to pay the debt secured may be reached by legal process, but when the property goes into the hands of an assignee or trustee under the statute, it is so far *in custodia legis* that it can not be levied upon, but must be disposed of by the assignee under the supervision of the court and in the manner provided by the statute.

Where property is absolutely conveyed to a creditor to pay a debt, the rule we have laid down can not govern, for it is well settled that such conveyances are valid. *Boling* v. *Howell*, 93 Ind. 329, *vide* p. 331 ; *Dessar* v. *Field*, 99 Ind. 548. Where there is only a partial transfer of property, as where part only of the debtor's property is conveyed, or where only one creditor is preferred and there is no general assignment, a conveyance to a trustee will, according to our decisions, be sustained as not in contravention of the statute. The case of *Cushman* v. *Gephart*, 97 Ind. 46, supports our conclusion. It was there said : "This statute only provides for a general assignment of all a debtor's property for the benefit of all his creditors. And when that is attempted, the statute must be complied with, or the assignment, without regard to actual fraud, will be held fraudulent and void, but an assignment by a debtor for the benefit of a part of his creditors, in order to be held void, must be actually fraudulent." *Thompson* v. *Parker*, 83 Ind. 96, goes somewhat further than the case from which we have quoted, further, perhaps, than the earlier and later decisions warrant.

For many years the courts have been earnestly condemn-- ing the rule that permits a preference of creditors where property is conveyed by the debtor to a trustee. In *Riggs* v. *Murray*, 2 Johns. Ch. 565, Chancellor Kent very strongly censures the rule and clearly demonstrates its injustice, and many other courts have expressed similar views. *Cunning- ham* v. *Freeborn*, 11 Wend. 240, *vide* p. 256; *Burd* v. *Smith*, 4 Dall. 76; *Pingree* v. *Comstock*, 18 Pick. 46; *Atkinson* v. *Jordan*, 5 Ohio, 293; *Beers* v. *Lyon*, 21 Conn. 604.

In a treatise on conveyances in trust and assignments for the benefit of creditors, the difference between the direct conveyance of property by the debtor to the creditor is pointed out, and it is said: "But where an insolvent debtor, instead of retaining the dominion of his property, divests himself of it by a general assignment to a trustee, with di- rections to the latter to apply it in satisfaction of certain specified debts, to the exclusion or postponement of others, he places the rights of unpreferred creditors on quite a dif- ferent and much less favorable footing. Deprived by such a transfer of all remedy against the property except where the assignment can be avoided as fraudulent or illegal, they are compelled to await the uncertain result of the execution of the trust in its due course, with all the delays necessarily at- tendant on the processes of collection, sale, and distribution by the assignee, and are effectually turned over to the remote chances of sharing in a possible surplus remaining after full satisfaction of the claims preferred. The temptations to the abuse or inequitable exercise of the right of preference itself in this form, and the facilities for reserving undue advantages to the debtor, through the services of a friendly trustee, are other evils attending the unrestricted allowance of the right to favor one creditor at the expense of another through the medium of this description of conveyance." Burrill Assign- ments, section 163.

There is strong reason supporting the position that the statute was intended to apply to all conveyances in trust for

the benefit of creditors, but the rule that it does not apply to partial assignments in trust has been so long acted upon that we can not, whatever may be our views, now depart from this established rule. We have in this instance a case fully within the letter and the spirit of the statute, for all the elements of a statutory assignment are present, and we can do no otherwise than hold that the statute governs it.

Where an instrument is set forth in a complaint, or made an exhibit to that pleading, it is sufficient to refer to it in the answer without again making it an exhibit. *Sidener* v. *Davis*, 69 Ind. 336; *Crowder* v. *Reed*, 80 Ind. 1, *vide* p. 4.

The objections to the admission of the deed of assignment of December 31st, 1883, are not sufficiently specific to present any questions on appeal. Objections must be specific, and the grounds upon which they are based set forth in the bill of exceptions. *Indiana, etc., R. W. Co.* v. *Cook*, 102 Ind. 133; *Shafer* v. *Ferguson,* ante, p. 90. The evidence supports the finding.

Judgment affirmed.

