No. 13,363.

## Henderson et al. *v.* Pierce et al.

VOLUNTARY ASSIGNMENT.—*Preference of Creditors.*—A debtor who makes a voluntary assignment, under the statute, of all his property for the benefit of all his creditors, can not prefer certain of his creditors by providing in the deed of assignment that they shall be first paid in full, and, after they are so paid, that all others shall be paid ratably.

SAME.—*Deed of Assignment Invalid in Part.*—Where a deed of assignment, made in good faith, in pursuance of the statute regulating assignments for the benefit of creditors, directs that certain creditors be preferred, it may be adjudged invalid in so far as it makes provision for preferences, and upheld as a valid general assignment for the benefit of all the assignor's creditors.

SAME.—*When Deed Fraudulent on Face.*—In order to render a deed of assignment fraudulent on its face, it must contain some provision in

Henderson *et al. r.* Pierce *et al.*

direct conflict with an established rule or requirement of law, or which is expressly, or by necessary inference, intended to hinder, delay or defraud creditors.

SAME.—*Deed Not Actually Fraudulent Upheld Notwithstanding Invalid Provisions.*—Where it is apparent from the whole scope and tenor of a deed of assignment, that the debtor in good faith intended to resort to the assignment law, and has made an assignment of all his property for the benefit of all his creditors, but has inserted in the deed stipulations which are constructively invalid, such assignment, if not actually fraudulent, will stand, while the invalid provisions will be controlled by the statute governing assignments.

From the Clinton Circuit Court.

*J. C. Suit, W. D. Bynum, A. T. Beck, S. O. Bayless* and *W. H. Russell,* for appellants.

*H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellees.

MITCHELL, J.—On the 26th day of May, 1885, David B. Henderson, being financially embarrassed and in failing circumstances, made an assignment of all his real and personal property, including choses in action, in trust for the benefit of all his *bona fide* creditors. The total value of the property assigned is alleged in the complaint to have been $12,-000, while the amount of the assignor's liabilities is stated at $16,000.

In the deed of assignment, the assignor's creditors are divided into two classes, and the assignee therein appointed is directed to pay those who are designated as of the first class in full, after which those who are described as belonging to the second class are to be paid ratably and in accordance with the statute regulating voluntary assignments.

In all other respects the assignment is in the usual form, and the requisite steps to make it effective under the act providing for voluntary assignments for the benefit of creditors, appear to have been taken.

The appellees, who are wholesale merchants doing business under the firm name of O. W. Pierce & Co., in the city of Lafayette, Indiana, commenced this suit in June, 1885. They allege in their complaint, that the assignor, at the time of

making the assignment, was indebted to them for merchandise in a sum amounting in all to $7,429.60, and that they had been designated as creditors of the second class. Those creditors who are named in the deed of assignment as belonging to the first class, together with the assignor and assignee, are made defendants.

An amended complaint charged further, that after the filing of the original complaint, the assignor, for the purpose of effectuating an unjust preference, in the event that the assignment, which was attacked by the original complaint, should be adjudged void because of the preferences therein provided for, had voluntarily confessed judgments in the Clinton Circuit Court, in favor of the creditors of the first class who are defendants in that behalf, which judgments aggregated $6,140.13 besides costs.

The complaint further alleges, that the assignment in so far as it divides the assignor's creditors into two classes, and requires the assignee to pay those of the first class in full, before paying those of the second class anything, is fraudulent and void as against the complainants and all other creditors not of the first class.

Prayer that the assignment be adjudged a general assignment for the benefit of all the creditors of the assignor, and that the assignee be ordered to convert the assets into money, and, after paying the necessary expenses of the trust, divide the proceeds ratably and without preference among all the creditors.

There was a motion to strike out certain designated parts of the complaint. The defendants also separately demurred to the complaint for want of sufficient facts.

By agreement the motion to strike out and the demurrer were considered together. The learned judge before whom the hearing was had, having taken the motion and demurrer under advisement, resumed the bench on the 6th day of July, 1886, for the purpose of announcing his ruling on the questions submitted. Thereupon H. A. Stephens & Co., by an

intervening petition, became parties to the proceeding, and filed what is designated as a cross complaint. In this the facts in reference to the assignment are stated substantially as in the complaint filed by the plaintiffs.

The cross complainants further allege that they are also creditors of the assignor, of the second class, and that they had recovered a judgment on their claim on July 18th, 1885, which was after the judgments had been confessed in favor of the defendants. They charge that the assignment is fraudulent and void, and ask that it be so adjudged and set aside.

The appellees, plaintiffs below, demurred to the cross complaint. This demurrer was sustained, the court at the same time overruling the motion to strike out, and the demurrer to the complaint. A decree followed, the effect of which was to adjudge that the assignment was to be administered for the equal benefit of all the assignor's creditors.

These rulings are the subjects of discussion by counsel, and present the only questions for consideration by the court.

The questions for decision are comprehended in the statement of the following propositions:

1. Can a debtor, in failing circumstances, make a general assignment of all his property for the benefit of all his creditors, and effectually provide in the deed of assignment that certain enumerated creditors shall be first paid in full, and, after they are so paid, that all other creditors shall be paid ratably?

2. If a deed of assignment, made in pursuance of the statute regulating voluntary assignments for the benefit of creditors, directs that certain creditors be preferred, may the deed be adjudged invalid in so far as it makes provision for preferences, and yet upheld as a valid general assignment for the benefit of all the assignor's creditors?

In respect to the first proposition, the decision of this court, as clearly set forth in the opinion in the case of *Grubbs* v. *Morris*, 103 Ind. 166, must be regarded as foreclosing further

discussion of that subject.    The conclusion there reached makes it certain that whatever other methods a debtor may employ for the purpose of giving a preference to one or more of his creditors, he can not give such preference while proceeding under the statute which provides for voluntary assignments, and prescribes the method of proceeding thereunder.    Under the law of this State, a debtor, though he be insolvent, may prefer one or more of his creditors by securing them, or by a sale of property to them, if such security or sale be given or made in good faith.    See, also, *Lake Shore Banking Co.* v. *Fuller*, 1 Cent. R. 109.

Where, however, resort is had to the statute, its provisions, *ex proprio vigore*, draw all the assignor's property, whether such property is specifically mentioned in the schedule or not, into the custody of the court, to be administered by it, through the instrumentality of the assignee, for the equal benefit of all the assignor's creditors.    *Hasseld* v. *Seyfort*, 105 Ind. 534.

Any attempt to prefer creditors, by a stipulation to that effect in the instrument or deed of assignment, or by omitting property therefrom for that purpose, will prove futile.    This result follows, from a consideration of the general purpose and spirit of the statute, and especially from section 2662, which provides, in substance, that the assignment which a failing debtor may make shall be a general assignment of all his property, in trust for all his *bona fide* creditors, and that all assignments for such purpose, except as provided for in that act, shall be deemed fraudulent and void.

This brings us to the questions involved in the second proposition above stated.

That part of the deed which is supposed to render the assignment obnoxious, and bring it within the denunciation of the statute, is the following direction to the assignee:    In that respect it provides that, "After deducting his reasonable charges," the assignee "shall * * * pay all my *bona fide* debts to the person or persons entitled to receive pay thereon, in

Henderson *et al. v.* Pierce *et al.*

manner following, that is to say: He shall pay the creditors hereinafter named, who are designated as creditors of the first class, their several claims against me in full, and after the payment in full of my debts due to my creditors of the first class, he shall pay all my other creditors, who are hereby designated as creditors of the second class, ratably and without distinction or preference, in accordance with an act of the Legislature of the State of Indiana, entitled 'An act providing for voluntary assignments of personal and real property in trust for the benefit of creditors,' approved March 5th, 1859."

This recital, as indeed the whole instrument, and the proceedings taken under it, so far as they had progressed, is persuasive of the fact that the parties to the deed were in good faith intending to proceed in conformity with the provisions of the act above referred to, as they understood its provisions.

If, therefore, the assignment is to be held fraudulent, it must be so held by construction of law, and not because any actual fraud was either committed, or, so far as appears upon the face of the deed, contemplated.

It is said, however, that the good faith of the parties, or whether or not actual fraud was contemplated, is of no moment. The argument is that the deed on its face provides for a preference of creditors, and is hence fraudulent and void in law.

The inquiry is, therefore, pertinent, whether a literal and rigid construction should be applied to that part of the stipulation which directs payments to be made in full to the creditors designated as belonging to the first class, or whether the whole stipulation, when read, should be construed to mean that creditors were to be paid in accordance with the provisions of the voluntary assignment act therein referred to.

Was it the purpose of the assignor, that the directions in respect to payment and preferences of creditors were to be carried out in defiance of the law governing statutory as-

signments, or did he intend that such payments were to be made in compliance with the act, the provisions and benefits of which he invoked?

Upon full consideration of the authorities on the subject, we are constrained to adopt the latter view.

In *Palmer* v. *Mason*, 42 Mich. 146, a rule which meets our approval is stated thus: "A transfer for the benefit of creditors, or by way of security, will not be adjudged fraudulent, as a conclusion of law drawn from the frame of the instrument, unless that construction is a necessary result in view of its peculiar shape and scope. Wherever the case will permit it, the court, in construing the paper, will ascribe an honest purpose and infer a lawful disposition."

This is but the statement of a well settled general rule, applicable to deeds of assignment as well as to all other conveyances, which requires that the meaning and intention of the assignor are to be collected from the whole instrument, and where two different constructions are possible, that is to be preferred which gives effect to, rather than that which annuls, the instrument. *Gano* v. *Aldridge*, 27 Ind. 294; *Spencer* v. *Robbins*, 106 Ind. 580; *Coyne* v. *Weaver*, 84 N. Y. 386; Burrill Assignments, pp. 456–7, 511–530.

It is to be observed that the act in relation to voluntary assignments does not in terms forbid the giving of preferences to creditors; that such preferences are not authorized results from construction.

At the time the assignment under consideration was executed, the case of *Grubbs* v. *Morris, supra,* had not been decided, and prior to that decision no authoritative construction denying the right to make preferences in general assignments had been directly given the voluntary assignment act. It may readily be supposed that it was a question in the mind of the assignor whether or not such preferences as were directed in the deed were authorized; hence the qualifying words that the assignee should pay thus and so, in accordance with the provisions of the act governing voluntary as-

signments. If the assignor had entertained any other purpose than that of making a general assignment in strict compliance with the law, it is difficult to conceive why he should have appealed to the statute, and directed that payments should be made in accordance therewith.

Moreover, if any unlawful or fraudulent purpose was contemplated, it is not less difficult to apprehend the manner in which that end was to be accomplished, by expressly invoking the provisions of a statute which brought all his property under the immediate jurisdiction of the court, to be distributed as the law provides.

It is therefore apparent from a fair interpretation of the whole instrument, that it was not intended to create a trust, which should be administered in a manner different from that prescribed by the statute.

As a matter of course, the fraudulent character of an assignment can not be made to depend upon the opinion of the assignor, as to whether particular acts done by him, or required by the deed to be done by the assignee, are fraudulent or not; nor will a deed of assignment, which carries vice, and violation of the statute, upon its face, be rescued by the good intentions of the assignor. Unless, however, the deed contains provisions which are fraudulent *per se*, the assignment is not to be condemned *in toto* without proof of actual fraud.

Many examples might be given which illustrate the character of provisions, such as render deeds of assignment fraudulent on their face. It is sufficient to say generally, in order to have that effect, the better view seems to be that the instrument must contain some provision in direct conflict with some established rule or requirement of law, or which is expressly, or by necessary inference, intended to hinder, delay or defraud creditors. Burrill Assignments, p. 514.

If to carry out the provisions of the deed of assignment, according to the necessary intent and meaning of the assignor, as therein disclosed, would involve the assignee in the viola-

tion of some express requirement of the statute governing voluntary assignments, the irresistible conclusion would be, that such a deed was fraudulent in law.   Such an instrument is not cured by the operation of the assignment law.   *Keevil* v. *Donaldson*, 20 Kan. 165.

It is, therefore, important to remember, that the giving of preferences to creditors is, as we have already seen, not in contravention of the common law policy of the State, and that it is only by construction of law that the giving of such preferences is held to be unauthorized by the statute governing assignments for the benefit of creditors.  This being so, it can not be maintained that a single provision in a deed, made professedly to effectuate a statutory assignment, which is invalid by construction only, so poisons the whole assignment as to render it fraudulent *per se*, notwithstanding the matter provided for is lawful according to the general policy of the State, and not in contravention of any express requirement of the assignment law.

In conclusion upon this branch of the discussion, this general proposition may be stated as being within the authorities:  When it is apparent from the whole scope and tenor of a deed of assignment, that a debtor, in embarrassed or failing circumstances, in good faith intended to resort to the assignment law, and has in pursuance of such purpose made an assignment of all his property for the benefit of all his creditors, but in carrying out such purpose has introduced into the deed requirements which, while not in conflict with some express provision of law, and not requiring that any such provisions of the law be disregarded, are nevertheless constructively invalid, such assignment, if not actually fraudulent, will stand, while the invalid requirement or stipulation will be nullified and controlled by operation of the statute governing voluntary assignments.   Burrill Assignments, sections 352–354, and notes.

The following, among other decided cases, support either directly or by analogy the foregoing conclusion:  *Shapleigh*

v. *Baird*, 26 Mo. 322; *Bryan* v. *Brisbin*, 26 Mo. 423; *Martin* v. *Hausman*, 14 Fed. Rep. 160; *Atherton* v. *Ives*, 20 Fed. Rep. 894; *Mackintosh* v. *Corner*, 33 Md. 598; *Rumery* v. *McCulloch*, 54 Wis. 565; *Thomas* v. *Talmadge*, 16 Ohio St. 433; *Wiener* v. *Davis*, 18 Pa. St. 331; *Darling* v. *Rogers*, 22 Wend. 483.

The fact has not been overlooked, that in some of the States, statutes were in force at the time some of the decisions above cited were made, which expressly enacted that preferences contained in deeds of general assignment should be void, and that all assignments should inure to the equal benefit of all the assignor's creditors. Our conclusion is nevertheless, that the act regulating voluntary assignments in this State has substantially the same effect, and that while it renders the preference of creditors voidable, the fact that the deed makes provision for preferences does not overthrow the whole assignment and make the deed fraudulent *per se*, unless it is apparent therefrom that such preferences were actually fraudulent, and that the deed was not intended to have effect and be operative under and in accordance with the provisions of the statute.

While adhering to the conclusion arrived at in *Grubbs* v. *Morris, supra*, the effect of which is to hold that preferences in a deed of assignment are invalid and can not be enforced in favor of a creditor so preferred, we affirm the decision of the court below, both in respect to its rulings on the complaint and cross complaint, upon the theory above stated.

The judgment is affirmed, with costs.

Filed Dec. 16, 1886.