Redpath *et al.* v. Tutewiler *et al.*

----

No. 13,258.

REDPATH ET AL. *v.* TUTEWILER ET AL.

VOLUNTARY ASSIGNMENT.—*Deed.*—*Preference of Creditors.*—*Fraud.*—In the absence of actual fraud, a deed of assignment, under the statute, for the benefit of creditors, will be upheld as a valid general assignment notwithstanding a provision that certain creditors shall be preferred, as such provision will be controlled and annulled by the statute.

From the Marion Circuit Court.

Redpath *et al. v.* Tutewiler *et al.*

*N. Morris, L. Newberger, W. W. Herod, J. E. Florea* and. *A. W. Wishard,* for appellants.

*R. Hill* and *R. N. Lamb,* for. appellees.

MITCHELL, J.—This action was brought by the plaintiffs below to set aside a deed of assignment, by which Henry Tutewiler transferred all his property, real and personal, to William G. Cook, as assignee, for the benefit of the assignor's. creditors.

The complaint alleges, that after the assignment was made the plaintiffs recovered a judgment against the assignor in the superior court of Marion county for $306, which remains unpaid. The complaint avers, and the deed, a copy of which is set out in the complaint, shows, that the assignment was intended to be made in conformity with the statute regulating voluntary assignments for the benefit of creditors.

The instrument is assailed solely upon the ground that it provides for a preference of two of the assignor's creditors therein named. In all other respects it is conceded that the deed was made, and that the estate assigned is being administered, conformably to the assignment law.

In the recent case of *Henderson* v. *Pierce,* 108 Ind. 462, upon consideration of the exact question here involved, it was held, that where no actual fraud was averred or proved, an instrument of assignment, made by a debtor in failing circumstances, with the apparent purpose to avail himself of the benefit of the law regulating voluntary assignments, would not be condemned as void in toto, because the assignor provided therein for preferences to certain of his creditors.

In such a case, the provision in the deed, that some of the assignor's creditors should be preferred in the distribution of the estate, will be controlled and annulled by force of the statute.

The estate, having been brought under the jurisdiction and control of the court, by means of the assignment, will be ad—

ministered and distributed as the law directs, without regard to such provision.

It is only where the deed of assignment contains directions which are actually hostile to, and in disregard of, some express provision of the assignment law, or where it is apparent therefrom that it was not the intent of the assignor to bring his estate under the control of the court, and secure its distribution according to the law regulating voluntary assignments, that the deed will be held fraudulent and void *per se* under section 2662, R. S. 1881.

There was no error in the rulings of the court.

The judgment is affirmed, with costs.

Filed Jan. 14, 1887.