Filed May 17, 1887.

No. 12,813.

### SCHWAB ET AL. *v.* LEMON ET AL.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Deed.*—*Preference of Creditors.* —*Fraud.*—A stipulation in a deed of assignment, made under the statute, that certain creditors shall be preferred and paid in full, is controlled and annulled by the statute, and the deed, in the absence of actual fraud, will be upheld as a valid general assignment.

From the Fountain Circuit Court.

*L. Nebeker, H. H. Dochterman, N. Morris, L. Newberger* and *J. F. McHugh,* for appellants.

*T. F. Davidson* and *I. E. Schoonover,* for appellees.

MITCHELL, J.—Albert D. Lemon, a debtor in embarrassed and failing circumstances, made an assignment of all his property for the benefit of all his creditors. The deed of assignment purports to have been made in pursuance of the statute regulating voluntary assignments. It assumes to make provision for preferring certain of the assignor's creditors, and requires that those mentioned should be paid

Schwab *et al. v.* Lemon *et al.*

in full.   In all other respects the deed conforms to the provisions of the assignment law.   The appellants, comprising the firm of Schwab & Bros., filed an intervening petition in the Fountain Circuit Court, in which the matter of the assignment was pending.   They set forth that an assignment had been made providing for preferences, and that they were judgment creditors of the assignor, and that their judgment had been recovered since the making of the assignment.   It is conceded that the assignment was made, and that the assignee had taken possession of the property in pursuance of the statute regulating proceedings under the voluntary assignment law.   The transaction is assailed solely on the ground that the deed makes provision that some of the assignor's creditors should be paid in preference to others, and that the petitioners are of the unpreferred class.   The petition charges that the assignment is for that reason void, and it prays that it may be so adjudged, and that the supposed lien of the petitioners' judgment may be recognized as valid and binding against the property of the assignor in the hands of the assignee.

The court sustained a demurrer to the petition and gave judgment, upholding the assignment.   The questions involved have all been determined in favor of the ruling below in the recent cases of *Henderson* v. *Pierce,* 108 Ind. 462; *Redpath* v. *Tutewiler,* 109 Ind. 248; *Seibert* v. *Milligan,* 110 Ind. 106.

The conclusion arrived at in those cases was, that, in the absence of actual fraud, a deed of assignment, under the statute, will be upheld as a valid, general assignment, notwithstanding a provision that certain creditors shall be preferred.   Such a provision will be controlled and annulled by force of the statute.

Judgment affirmed, with costs.

Filed May 17, 1887.