Grubbs *et al. v.* King, Assignee.

Filed Feb. 1, 1889.

———◆———

No. 13,464.

GRUBBS ET AL. *v.* KING, ASSIGNEE.

PLEADING.—*Demurrer.—Sufficiency of.*—A demurrer to a complaint, alleging for the reason thereof "that the petition does not state facts sufficient to constitute a good and sufficient petition," does not set forth any statutory cause for demurrer.

VOLUNTARY ASSIGNMENT. — *Preferred Creditors. — Deed Void in Part.* — Where a deed of assignment purports on its face to convey to the assignee all of the assignor's property, for the benefit of all of his creditors, and certain creditors are preferred therein, the provision as to the preferred creditors is void, but the deed will be upheld as constituting a valid statutory assignment.

From the Adams Circuit Court.

*L. C. Devoss, D. D. Heller* and *P. G. Hooper,* for appellants.

*J. T. France* and *J. T. Merryman,* for appellee.

COFFEY, J.—This was an action in the court below by the appellee against the appellants for an injunction.

The complaint alleges, substantially, that, on the 18th day of January, 1886, Catherine E. Albers and Peter R. Albers,

constituting the firm of C. E. Albers & Son, as such firm, made, executed and delivered to appellee a deed of assignment, said assignment being voluntary, for the benefit of their creditors; that appellee, on said day, caused said deed to be duly recorded in the record of deeds in the recorder's office of Adams county, Indiana, and that he was duly qualified as such assignee; that, on the 13th day of April, 1886, the appellants, John W. Grubbs, W. W. Grubbs, William F. Starr and James A. Coffin, recovered a judgment against the said Catherine E. Albers and Peter R. Albers in the circuit court of Adams county, and on the 24th day of April, 1886, sued out an execution on said judgment, and placed the same in the hands of the defendant, Michael McGriff, who is the sheriff of said county; that said sheriff, under the direction of said judgment plaintiffs, through their attorney, is threatening to levy said execution upon the property so conveyed to the appellee by said deed of conveyance. Prayer for an injunction, etc.

To this complaint the appellants filed a demurrer, as follows:

"Come now the defendants above named, and demur to the petition in the above entitled cause, for the reason that the same does not state facts sufficient to constitute a good and sufficient petition."

This demurrer was overruled by the court, and the appellants excepted.

The answers appearing in the record are: *First.* A general denial; and, *Second.* Substantially, that the pretended deed of assignment made by Catherine E. Albers and Peter R. Albers, of the firm of C. E. Albers & Son, and mentioned in plaintiff's complaint, a copy of which said pretended deed is herewith filed and made a part hereof marked exhibit "A," and by virtue of which pretended deed the plaintiff, John King, Jr., claims to be the legally appointed and qualified assignee and trustee of said firm of C. E. Albers & Son, is fraudulent and void as against defendants herein, for the rea-

son that in said pretended deed of assignment the following creditors are preferred, to wit: Robert D. Patterson and William Pillars, composing the firm of Patterson & Pillars, Jacob S. Hart, the Kekionga Lodge, No. 65, Knights of Pythias, of the city of Decatur, in Indiana, and Philip E. Albers. Wherefore, etc.

The appellee filed a demurrer to this second paragraph of answer, which was sustained by the court, and appellants excepted.

The cause being at issue on the general denial was tried by the court, the trial resulting in the granting of a perpetual injunction against the appellants.

The errors assigned in this court are :

1st. That the court erred in overruling the demurrer to the petition.

2d. That the court erred in sustaining the demurrer to the second paragraph of answer.

3d. The court erred in overruling the motion for a new trial.

It is argued by the appellee that the demurrer to the complaint does not contain any of the statutory causes for demurrer, and that it is not a compliance with the fifth clause of section 339, R. S. 1881. The fifth clause of section 339 is as follows:

"That the complaint does not state facts sufficient to constitute a cause of action."

In the case of *Gordon* v. *Swift*, 39 Ind. 212, it was held that a demurrer to an answer, assigning as cause " That said paragraph is not a sufficient defence in law to plaintiff's complaint," presented no legal cause or ground of demurrer, citing *Kemp* v. *Mitchell*, 29 Ind. 163, *Cincinnati, etc., R. R. Co.* v. *Washburn*, 25 Ind. 259, *Tenbrook* v. *Brown*, 17 Ind. 410, and *Hicks* v. *Reigle*, 32 Ind. 360.

In *Thomas* v. *Goodwine*, 88 Ind. 458, the demurrer was as follows: " Because said defendant's answer does not state facts sufficient to constitute an answer to plaintiff's com-

plaint." It was held not to state any of the statutory causes of demurrer.

In the case of *Pine Civil Tp.* v. *Huber Mnf'g Co.*, 83 Ind. 121, the demurrer was : "*First.* Because said complaint does not state facts sufficient to constitute a complaint." It was held that such a demurrer presented no question for the consideration of the court.

Following these authorities, we are compelled to hold that the demurrer now under consideration is not sufficient to call in question the sufficiency of the complaint in this case as a cause of action, and that the court below did not err in over-ruling the same.

The second paragraph of answer above set out is drafted upon the assumption that the deed of assignment under which the appellee claims the property of Albers & Son is void, for the reason that it names certain of the creditors as preferred. This deed is in the record, and it purports to convey to the appellee all the property of C. E. Albers & Son for the benefit of all the creditors of said firm, to be administered under an act of the Legislature concerning insolvent debtors, in force March 5th, 1859. It is apparent from the face of this deed that the parties thereto intended it as a statutory assignment, bringing all the property thereby conveyed under the control of the court, to be administered for the benefit of all the creditors of C. E. Albers & Son.

It does not appear from the face of the deed that there was any actual intent to cheat, hinder or delay creditors, nor is any such intent alleged in the answer.

In the case of *Redpath* v. *Tutewiler*, 109 Ind. 248, this court, by MITCHELL, J., states the law upon this subject thus : " It is only where the deed of assignment contains directions which are actually hostile to, and in disregard of, some express provision of the assignment law, or where it is apparent therefrom that it was not the intent of the assignor to bring his estate under the control of the court, and secure its distribution according to the law regulating vol-

untary assignments, that the deed will be held fraudulent and void *per se* under section 2662, R. S. 1881."

Where a deed of this character contains a provision preferring one creditor over another, such provision will be held void, but the deed, as constituting a valid statutory assignment, will be upheld. *Henderson* v. *Pierce,* 108 Ind. 462.

It follows from what we have said that the court did not err in sustaining the demurrer of the appellee to the second paragraph of the answer of the appellants.

The only matter urged by counsel for appellants under the third assignment of error is, that the court below erred in permitting the appellee to read the deed of assignment in evidence on the trial. We think the deed, under the issues made, was competent evidence for the appellee.

We find no error in the record for which the judgment of the court below should be reversed.

Judgment affirmed.

