Carnahan *et al. v.* Schwab *et al.*

Filed March 20, 1891.

---

No. 14,540.

CARNAHAN ET AL. *v.* SCHWAB ET AL.

FRAUDULENT CONVEYANCE.—*Assignment.*—*Creditors Preferred by Mortgages Given Them.*—*Part of Assignment.*—A debtor in failing circumstances and contemplating making an assignment of all his property for the benefit of his creditors, may prefer such of his creditors as he sees fit to do so, by executing to them mortgages upon his property to secure their debts ;

and if the transaction is in good faith it matters not how short an interval of time there is between the execution of such mortgages and the deed of assignment, so that the former, in point of time, in their execution, precede the latter. Such mortgages do not become a part of the assignment, and are not to be taken in connection with the deed thereof.

From the Noble Circuit Court.

*L. W. Welker* and *H. G. Zimmerman,* for appellants.

*R. P. Barr* and *L. H. Wrigley,* for appellees.

BERKSHIRE, J.—This is a bill in equity filed by the appellants as creditors of Frederick Schwab, an insolvent, to obtain relief against a certain voluntary assignment made by said Schwab for the benefit of creditors, and against certain mortgages executed by said insolvent, whereby preference is given to certain of his creditors.

The theory of the complainants is that the execution of the assignment and mortgages belonged to one and the same transaction, and are in violation of section 2662, R. S. 1881, that being the first section of the act providing for voluntary assignments.

The preferred creditors, together with the assignee and the said Schwab, were made parties defendant to the bill.

Issue was joined in the main action, and the preferred creditors filed cross-complaints asking judgment upon the evidences of indebtedness held by them, and other affirmative relief.

After issue joined on the various cross-complaints the cause was submitted to the court, with a request for a special finding.

The court afterwards returned a special finding, and to the conclusions of law as announced the appellants saved exceptions, and judgment was rendered for all of the appellees in the main action, and decrees for the preferred creditors as asked for in their cross-complaints.

The appellees have assigned cross-errors, but in view of the conclusion to which we have arrived after considering

the errors assigned by the appellant, the cross-errors are of no importance.

The circumstances under which cross-errors become influential are fully and properly stated in *Thomas* v. *Simmons,* 103 Ind. 538.

The appellants assign several errors, but the state of the record is such as to render effectual for our consideration only those which call in question the sufficiency of the different cross-complaints and the correctness of the conclusions of law embraced in the special finding.

The sufficiency of these pleadings was not tested by demurrer in the court below, but is called in question for the first time by the assignment of errors in this court.

We have carefully examined each, and think it sufficient to have withstood a demurrer had it been thus challenged; and have no doubt of its sufficiency challenged as it is for the first time in this court.

The deed of assignment purports on its face to be for all of the insolvent's property, and for the benefit of all of his creditors alike, hence it is not fraudulent in law. *Thompson* v. *Parker,* 83 Ind. 96 ; *Cushman* v. *Gephart,* 97 Ind. 46 ; *Grubbs* v. *Morris,* 103 Ind. 166 ; *Henderson* v. *Pierce,* 108 Ind. 462 ; *Redpath* v. *Tutewiler,* 109 Ind. 248 ; *Schwab* v. *Lemon,* 111 Ind. 54 ; *Grubbs* v. *King,* 117 Ind. 243.

But the argument for the appellants is that the mortgages in favor of the preferred creditors were made after the insolvent had made up his mind to make an assignment, and approximating so closely to the execution of the deed of assignment that all belong to one common transaction, and hence the legal effect of the deed of assignment should be controlled by the surrounding circumstances. In other words, if the mortgages in favor of the preferred creditors were executed about the time the deed of assignment was executed, and after the insolvent had made up his mind to make an assignment, then the assignment is within the inhibition of the statute, and void. But, as the foregoing

cases hold, to bring the deed of assignment within the inhibition the preferences must be given in the instrument itself, and even then, as some of the cases hold, if the preferences are not sufficient to cover the entire estate, they may be disregarded, and the assignment upheld.

But it has long been the recognized law of this State that an insolvent debtor may in good faith prefer one or more of his creditors to the exclusion of others, and many times decided by this court since the enactment of the present statute upon the subject of voluntary assignments. *Lord* v. *Fisher,* 19 Ind. 7; *Wilcoxon* v. *Annesley,* 23 Ind. 285; *Cushman* v. *Gephart, supra; Grubbs* v. *Morris, supra; Stix* v. *Sadler,* 109 Ind. 254; *Gilbert* v. *McCorkle,* 110 Ind. 215.

When the deed of assignment appears upon its face to have been executed in accordance with the statute, it must stand unless fraudulent in fact. And so with mortgages or other transfers of property by the insolvent debtor to secure favorite creditors in anticipation of insolvency.

The circumstances in which an assignment for the benefit of creditors or a mortgage or transfer of property to secure or pay favorite creditors is enveloped, may always be inquired into for the purpose of ascertaining whether the transaction is in good faith or not, but then the question is one of fact, and not of law. Sections 4920 and 4924, R. S. 1881, and so decided by this court so often that we do not deem it necessary to refer to the cases.

The mortgages to the preferred creditors in the case under consideration were executed on the 20th day of January, 1887, and the deed of assignment on the day next following.

The insolvent having a right to prefer creditors might do so at any time before he executed the deed of assignment; the intervening time between the execution of the mortgages and the deed to his assignee is wholly unimportant, except so far as it might be a circumstance with other circumstances tending to establish fraud in fact.

It has been held by this court that a mortgage may be ex-

ecuted in good faith to secure a *bona fide* debt, although at the time the mortgagor is insolvent, and contemplates making an assignment, of which the mortgagee has knowledge, and which assignment follows the next day, and may be enforced as a valid lien ; that, under such circumstances, the mortgage is not carried into the assignment. *Gilbert* v. *Mc-Corkle, supra.* That case seems to cover the case here under consideration exactly.

In this case the court finds that the debts of the mortgagees were *bona fide,* and that the mortgages were executed in good faith to secure the same. But if the court had found that the mortgages were executed during the same hour, and immediately preceding the deed of assignment, it would still have been a question of fact as to whether they were good-faith mortgages. To hold otherwise would be to entirely disregard the statute. Section 4924, *supra.*

We think the court did not err in its conclusions of law. We find no error in the record.

Judgment affirmed, with costs.

McBRIDE, J., took no part in the decision of this case.

Filed Jan. 8, 1891 ; petition for a rehearing overruled March 31, 1891.