WEST, TRUSTEE, v. GRAFF ET AL.

[No. 2,941.   Filed November 29, 1899.]

EVIDENCE.—*Agreed Statement of Facts.—Appeal and Error.*—A statement of the evidence agreed upon by the parties will not be treated on appeal as a statement of facts in a special finding, but will be regarded as the evidence introduced upon the trial.  *p. 413.*

REPLEVIN.—*Possession.*—In order to maintain an action in replevin it must be shown that defendant was in possession, actual or constructive, at the commencement of the action.  *p. 413.*

SAME.—*Judgment.*—In an action in replevin the judgment may be for the delivery of the property, or the value thereof in case a delivery cannot be had, and damages for the detention.  *p. 413.*

SAME.—*Demand.*—Where property is obtained by a purchaser through fraud, the seller may rescind the sale and recover possession by an action in replevin without making any demand before the commencement of the action, where the property is in the possession of the purchaser or his trustee for the benefit of creditors.  *pp. 413, 414.*

SAME.—*Sales.—Fraud.*—The fact that the purchaser of goods was insolvent when the goods were sold and delivered, and knew of his inability to pay all of his debts, and that he mortgaged the goods purchased, and others, constituting his stock of merchandise on hand, to a trustee to pay certain *bona fide* debts, giving greater preference to some creditors than others, will not alone warrant a conclusion that the purchase was fraudulent.  *p. 415.*

FRAUD.—*Preferring Creditors.*—The preference of particular creditors by paying or securing their claims in full or in unequal ratio, is not in itself fraudulent or void, but is permissible, when not made in a general assignment under the statute.  *pp. 415-417.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Special Assignment.*—An assignment for the benefit of creditors, which names the particular creditors for whose benefit it is made, is not a general assignment, but is special as to the persons named.  *pp. 417, 418.*

From the Gibson Circuit Court.   *Reversed.*

*L. C. Embree*, for appellant.
*John H. Miller* and *M. L. Miller*, for appellees.

BLACK, J.—The appellees brought their action against the appellant to recover possession of a lot of shoes, the complaint (filed on the 2nd of March, 1895) being in the usual form in replevin.   Without any order for the seizure of the

goods, and without the filing of an answer, the cause was tried by the court, the finding being for the appellees, and that they were the owners of the property mentioned in the complaint, describing it, all being of the value of a sum stated, and that the appellant unlawfully detained the same from the appellees.

The appellant's motion for a new trial was overruled, and the question as to the sufficiency of the evidence is alone presented here.

On the trial, the parties agreed upon a statement of the evidence, in substance as follows: On the 15th of January, 1898, and for two years prior to that date, John Griffin and Elmer E. Sharp were partners engaged in the business of owning and operating a general store at Fort Branch, Gibson county, Indiana, and were insolvent, but were buying and selling goods in the regular course of business. At the date above mentioned, the appellees were, and they still continued to be, partners in the wholesale shoe business at Philadelphia, Pa. On that day, Griffin and Sharp ordered from the appellees the goods described in the complaint, and in response to this order the appellees on the 22nd of January, 1898, shipped said goods to said Griffin and Sharp, on the terms that the same should be paid for by the purchasers in sixty days thereafter in the sum of $268.20. The goods were sold by the appellees to Griffin and Sharp on said terms, and at that time they were, and they still were, of the respective values alleged in the complaint. The goods arrived at Fort Branch, and were received into the store of Griffin and Sharp, on the 27th of January, 1898, and were then opened and placed in the stock of said Griffin and Sharp, and on sale in their said store, as a part of the general merchandise therein; but they remained in the original cases in which they had been shipped, the lids of the cases having been removed, and the cases having been placed one on another in tiers in the form of shelves, with the openings turned outward so as to expose the contents to view; and

some pairs of said shoes had been sold at retail by Griffin and Sharp before. making the mortgage hereinafter mentioned; and said shoes as so placed in said stock were placed as said Griffin and Sharp intended them to remain until sold by them at retail.

On the 31st of January, 1898, Griffin and Sharp executed to the appellant their chattel mortgage, whereby they mortgaged to him, as trustee, their entire stock of goods, wares, and merchandise, including the goods described in the complaint; and the mortgage provided, among other things, that the appellant, as such trustee, should take immediate possession of the mortgaged property and forthwith sell the same for cash, and with the proceeds pay certain creditors of said firm; and in the mortgage certain of said creditors were named whose aggregate demands against said firm amounted to more than $6,000, and said trustee was thereby directed to pay them in full before paying any other demands against said firm; and the mortgage stipulated that, after paying said creditors, then the residue of said proceeds should be paid *pro rata* on the demands of certain other creditors of said firm, among whom were named the appellees. Under and pursuant to this mortgage, the appellant, as such trustee, did, on the 31st of January, 1898, take full and absolute possession of said mortgaged property, and he proceeded forthwith to sell the same, as required by the mortgage.

Afterward, on the 10th of February, 1898, the appellees demanded of said trustee that the goods described in the complaint should be returned and delivered up to them, which said trustee refused to do. On the 28th of February, 1898, the appellant, as such trustee, had sold the whole of said mortgaged property, in accordance with the terms of the mortgage, and had delivered the whole thereof to the purchasers thereof, who had shipped and removed the whole of said goods from said store and away from Gibson county; and on the 1st of March, 1898, said purchasers paid the

appellant, as such trustee, for said goods in full, and at no time after the 1st of March, 1898, did the appellant have any title to said goods or any part thereof, and no part of the goods were in his possession or in said county on that day or thereafter. It was further agreed by the parties that, prior to the making of said mortgage, three pairs of shoes described in the complaint, of the value of $2 per pair, had been sold by said Griffin and Sharp, and they never came into the possession of the appellant.

This statement agreed upon by the parties is not to be treated, as counsel for the appellant argues it should be treated, as the statement of facts in a special verdict or in a special finding; but it is to be regarded as the evidence introduced upon the trial, and if, so regarded, it tends to sustain a finding in favor of the appellees, we can not weigh it and decide upon it the issue of fact submitted to the court below for trial without the intervention of a jury. The burden of proof was upon the appellees, and unless it can be said properly that the evidence tended to sustain the complaint in replevin, they were not entitled to recover.

It is a generally accepted and often stated doctrine that, to maintain replevin, the defendant must have been in possession, actual or constructive, at the commencement of the action. *Louthain* v. *Fitzer*, 78 Ind. 449; *Hadley* v. *Hadley*, 82 Ind. 75; *VanGorder* v. *Smith*, 99 Ind. 404; *Rose* v. *Cash*, 58 Ind. 278; *Penninsular Stove Co.* v. *Ellis*, 20 Ind. App. 491.

Our statute provides that the judgment for the plaintiff, in an action to recover the possession of personal property, may be for the delivery of the property, or the value thereof in case a delivery can not be had, and damages for the detention. §581 Burns 1894, §572 Horner 1897.

It is not always necessary to the success of the plaintiff that the property be so situated that the officer may be able to take it from the defendant and deliver it to the plaintiff.

In *Helman* v. *Withers*, 3 Ind. App. 532, it was held that a person in possession of goods, without right, can not avoid the action of replevin by wrongfully transferring the pos-session to another, even though the transfer be made before the commencement of the suit. If it be assumed that Griffin and Sharp obtained the goods from the appellees through fraud, this would be regarded as a wrongful taking, and while the goods remained in the possession of the purchasers, or the appellant as trustee, the appellees might rescind the sale and recover the possession by the action of replevin, without making any demand before the commencement of the action. *Parrish* v. *Thurston*, 87 Ind. 437; *Tennessee, etc., Co.* v. *Sargent*, 2 Ind. App. 458; *Levi* v. *Kraminer*, 2 Ind. App. 594. See, also, *Goodman* v. *Sampliner*, *ante*, 72. If a demand that the goods sold be returned and delivered up to the sellers would render a sale made by the appellant after the demand such a wrongful disposal of the property as to uphold an action of replevin commenced against him, after he so parted with the possession, yet to authorize a finding for the appellees on such theory the evidence should show that the demand of the appellees was made while the defendant in replevin still had possession or control of the goods.

In the evidence submitted to the court below, it appears that the appellant took possession of the mortgaged property, which included the goods described in the complaint, on the 31st of January, 1898, and that he forthwith proceeded to sell the mortaged property, and that on the 28th of February, 1898, he had sold the whole of the mortgaged property and had delivered it to the purchasers thereof, who had removed it from the county. It does not appear at what date between the 31st of January and the 28th of February he parted with the possession of the goods described in the complaint. The demand for the return of these goods described in the complaint was made on the 10th of February, 1898, at which date he may have disposed of them, so

far as the evidence shows. Furthermore, we can not concede that the evidence was sufficient to authorize a finding of fraud in the purchase of the goods by Griffin and Sharp. They placed the goods in their stock of merchandise as they intended them to remain until sold by them at retail, and they had so sold a portion of them before the execution of the mortgage. They were insolvent, but the whole amount of their indebtedness, or the whole value of their assets, is not shown; and it does not appear that they made any representation whatever to the appellees, or that any inquiry was addressed to them or others by the appellees before they sold and delivered the goods upon the mere order for such goods.

The question of fraud is one of fact; and while it is not necessary that it be established by direct and positive evidence, but may be inferred from circumstances, yet it can not properly be inferred from the mere doing of what one has a legal right to do. The fact that the purchasers were insolvent when the goods were sold and delivered to them, apparently in the regular course of business, and the inference, if it can be properly drawn from the meager evidence, that they knew of their inability at that time to pay all their debts, together with the fact that they mortgaged these goods and others, all constituting their stock of merchandise on hand, as indicated by the evidence, to a trustee, to pay certain presumably *bona fide* debts, giving greater preference to some of their creditors than others, did not alone warrant a conclusion that the purchase of the goods described in the complaint was fraudulent. *Thompson* v. *Peck*, 115 Ind. 512; *Levi* v. *Bray*, 12 Ind. App. 9.

The preference of particular creditors by paying or securing their claims in full or in unequal ratio, not in an assignment of all the debtor's property for the benefit of all his creditors, is not in itself fraudulent or void, but is permissible. In the case of preference in a *bona fide* general assignment under the statute, the assignment will be upheld,

while the preference is annulled. *Henderson* v. *Pierce*, 108 Ind. 462; *Redpath* v. *Tutewiler*, 109 Ind. 248; *Schwab* v. *Lemon*, 111 Ind. 54; *Carnahan* v. *Schwab*, 127 Ind. 507; *Gilbert* v. *McCorkle*, 110 Ind. 215. If from the fact that the mortgage was executed so soon after the receipt of the goods mentioned in the complaint, together with the fact that the purchasers were insolvent when they bought the goods, without more, it could be inferred as a fact by the court trying the issue that the purchasers intended at the time of the making of the purchase not to pay for the goods, there is evidence that they intended, when the goods were placed in the store, to sell them there themselves at retail; so that the mere fact of the making of the mortgage soon afterward, together with the fact of insolvency, could not be taken to indicate that such disposition of the goods to favored creditors was purposed at the time of the sale and delivery of the goods, or that the buyers purchased them with the design not to pay for them. *Thompson* v. *Peck*, 115 Ind. 512, 518.

In *Lord* v. *Fisher*, 19 Ind. 7, it is said: "It is an honest disposition of a man's property to use it in paying or securing an honest debt. * * * It is not, in the eyes of the law, necessarily a dishonest use of a man's property to convey all he has to pay or secure one debt while he leaves many others unpaid, or unsecured." See *Cushman* v. *Gephart*, 97 Ind. 46, where it is said that when it is attempted to make a general assignment of all a debtor's property for the benefit of all his creditors, the statute on that subject "must be complied with, or the assignment, without regard to actual fraud, will be held fraudulent and void, but an assignment by a debtor for the benefit of a part of his creditors, in order to be held void, must be actually fraudulent." This language is quoted in *Grubbs* v. *Morris*, 103 Ind. 166, 168, where it is also said that, where there is only a partial transfer, as where a part only of the debtor's property is conveyed, or where only one creditor is preferred and there is no gen-

eral assignment, a conveyance to a trustee will be sustained, as not in contravention of the statute.

In *Henderson* v. *Pierce*, 108 Ind. 462, it is held that an insolvent debtor may prefer one or more of his creditors by securing them or by a sale of property to them, if such security be given or such sale be made in good faith; that he can not give such preference while proceeding under the statute relating to voluntary assignments for the benefit of creditors, but that if in so proceeding he has introduced into the deed of assignment requirements which, while not in conflict with some express provision of law, and not requiring that any such provisions of law be disregarded, are nevertheless constructively invalid, as a preference to one or more of the creditors, such assignment, if not actually fraudulent, will stand, while such constructively invalid provision will be nullified and controlled by operation of the statute governing voluntary assignments.

If the instrument designated as a mortgage in the statement of evidence were an assignment made by the insolvents for the purpose of executing a general assignment of all their property in trust, for the benefit of all their *bona fide* creditors, it would by the terms of the statute be fraudulent and void, because of its not being made as provided for in the statute. §2899 Burns 1894, §2662 Horner 1897. It does not appear from the evidence that the certain creditors who were to be paid ratably after certain others had been paid in full were all the creditors other than those who were to be paid in full; and it does not appear that all the assets of the partnership, all its property, rights, and credits, were mortgaged.

An assignment for the benefit of creditors which names the particular creditors for whose benefit it is made is not a general assignment, but is special as to the persons named. Bump on Fraud. Conv. (3rd ed.) 344-5, (4th ed. §320); *England* v. *Reynolds*, 38 Ala. 370.

Apart from the provisions of a bankrupt law, and except

so far as our statute relating to voluntary assignments for the benefit of creditors prevents, the debtor may, "in virtue of that absolute dominion which he holds over his estate, make a *bona fide* assignment for the payment of debts with stipulations in favor of preferred creditors. He may assign the whole of his property for the benefit of a single creditor in exclusion of all others, or he may distribute it in unequal proportions, either among a part or the whole of them." Bump on Fraud. Conv. (3rd ed.) 395, (4th ed. §373); *New Albany, etc., R. Co.* v. *Huff,* 19 Ind. 444; *Wynne* v. *Glidewell,* 17 Ind. 446; *Chandler* v. *Caldwell,* 17 Ind. 256; *Barker* v. *Hall,* 13 N. H. 298.

If the mortgage to the trustee should be regarded as ineffectual as against the appellees, or if the preferences therein made could not be sustained, the completed sale made by the appellees would not therefore be nullified, and their action to recover possession of the goods would not thereby be aided, the evidence tending to prove that the mortgaging of the goods was not in contemplation when the goods were delivered to the firm and the sale was completed, and there being no evidence of actual fraud in the sale.

Whatever view ought to be taken of the mortgage to the trustee, this action must be sustained, if at all, as an action at law, in replevin, and even if the goods were in the actual or constructive possession of the defendant at the commencement of the action, the plaintiffs' success would depend upon facts sufficient to set aside the sale apparently regular and *bona fide.* The judgment is reversed, and the cause is remanded for a new trial.

Robinson, J., took no part in this cause.